E-filing

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   JAMES HUMES
    Chief Deputy Attorney General
3   JANET GAARD
    Chief Assistant Attorney General
4   THEODORA BERGER
    Senior Assistant Attorney General
5   SANDRA GOLDBERG
    Deputy Attorney General
6   State Bar No. 138632
    LAURA J. ZUCKERMAN
7   Deputy Attorney General
    State Bar No. 161896
8     1515 Clay Street, 20th Floor
      Oakland, CA 94612
9     Telephone: (510) 622-2174
      Fax: (510) 622-2270
10    laura.zuckerman@doj.ca.gov

11  Attorneys for People of the State of California *ex rel.*
    Edmund G. Brown Jr., Attorney General of the State
12  of California

13          IN THE UNITED STATES DISTRICT COURT

14      FOR THE NORTHERN DISTRICT OF CALIFORNIA

15          SAN FRANCISCO/OAKLAND DIVISION

16

17  **PEOPLE OF THE STATE OF CALIFORNIA**
    ***ex rel.* EDMUND G. BROWN JR.,**
    **ATTORNEY GENERAL OF THE STATE OF**          Case No.:
18  **CALIFORNIA,**

19                                Plaintiff,      **COMPLAINT FOR INJUNCTIVE**
                                                  **RELIEF UNDER THE FREEDOM**
20          v.                                    **OF INFORMATION ACT**

21  **UNITED STATES ENVIRONMENTAL**
    **PROTECTION AGENCY,**
22
                                  Defendant.
23

24

25      The People of the State of California, by and through Plaintiff Edmund G. Brown Jr.,

26  Attorney General of the State of California, bring suit under the Freedom of Information Act, 5

27  U.S.C. §552, *as amended* ("FOIA"), to enjoin Defendant from improperly withholding records of

28  the United States Environmental Protection Agency.  The People allege as follows:

Complaint for Injunctive Relief Under FOIA

1

1                                    **JURISDICTION**

2        1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C.

3    §552(a)(4)(B).

4        2.    Venue in the Northern District of California is proper under 5 U.S.C. §552(a)(4)(B).

5                                      **PARTIES**

6        3.    Plaintiff Edmund G. Brown Jr. is the Attorney General of the State of California.

7    Acting in his official capacity as chief law enforcement officer of the State of California, he has

8    requested and been denied access to the records at issue here.

9        4.    Defendant United States Environmental Protection Agency ("EPA") is an agency

10   within the meaning of 5 U.S.C. §552(f), is subject to the requirements of FOIA, and has

11   improperly withheld the records at issue here.

12                              **FACTUAL ALLEGATIONS**

13       5.    In December 2005, the California Air Resources Board ("CARB") requested from EPA

14   a waiver of preemption under section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b), for its

15   regulations to control greenhouse gas emissions from new motor vehicles ("GHG Regulations")

16   adopted in 2005 to implement the Pavley law (AB 1493). The Clean Air Act gives California

17   express authority to set its own emission standards provided it receives a waiver of preemption

18   from EPA. The GHG Regulations, first of their kind in the nation, would have forced

19   automakers to cut greenhouse gas emissions by 30% in new cars and light trucks by 2016,

20   beginning in 2009. The GHG Regulations are the most significant regulations currently in

21   existence anywhere in the nation to address global warming.

22       6.    Even though the effect of global warming on California's population, economy, and

23   environment were extensively demonstrated during CARB's and EPA's administrative

24   proceedings on the GHG Regulations, as well as in other public fora and scientific proceedings,

25   EPA failed to take action on the waiver request for two years. On December 19, 2007, EPA

26   Administrator Stephen Johnson rejected California's request to implement regulations on tailpipe

27   emissions of greenhouses gases, principally carbon dioxide. As many as 16 other states would

28   have been free to implement such regulations if California had received approval from EPA. The

Complaint for Injunctive Relief Under FOIA

1  decision, memorialized in a letter to Governor Schwarzenegger attached as Exhibit A, represents

2  the first time EPA has denied a request by California to impose its own pollution rules:  it

3  previously has granted the state approximately 50 waivers.

4       7.   In a letter dated December 27, 2007, attached as Exhibit B ("the FOIA Request"),

5  Plaintiff requested from EPA the disclosure of records related to the waiver denial, including

6  communications within and outside the federal government related to the waiver request, drafts

7  of the decision document, analyses comparing emission reductions, fuel savings, or fuel economy

8  increases that could result from implementation of the GHG Regulations to those that could

9  result from implementation of federal legislation, and briefing materials related to the waiver

10  request that were prepared for the Administrator or senior staff of EPA, including, but not limited

11  to, the PowerPoint presentation referenced in the December 20, 2007 Washington Post article

12  entitled "EPA Chief Denies Calif. Limit on Auto Emissions."

13       8.   In a letter sent electronically dated December 28, 2007, attached as Exhibit C, EPA

14  acknowledged receipt of the FOIA Request on December 28, 2007.

15       9.   As of this date, EPA has provided neither a response to, nor the records sought by, the

16  FOIA Request.

17  **FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF**<br>**ALLEGED AGAINST DEFENDANT EPA**

18

19       10.  Plaintiff incorporates by reference Paragraphs 1 through 9 inclusive, as if fully set forth

herein.

20

21       11.  Plaintiff sent the FOIA Request, attached as Exhibit B, to Defendant on December 27,

2007.

22

23       12.  Plaintiff is informed and believes that the information sought by the FOIA Request is

contained in agency records within EPA's possession and control.

24

25       13.  By the terms of 5 U.S.C. §552(a)(6)(A), EPA's response to the FOIA Request was due

within twenty (20) working days, subject to a ten working day extension.  EPA did not provide

26

27  itself with such an extension.  As of this date, EPA has neither complied with the FOIA Request

nor denied it.

28

Complaint for Injunctive Relief Under FOIA

1    14.   Pursuant to 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the requested records

2  from EPA, and FOIA requires their disclosure.  As they do not fall within any of the FOIA's

3  exemptions from disclosure, Defendant has no legal basis for withholding such records.

4    15.   Pursuant to 5 U.S.C. §552(b), even if it were to be established that any of the requested

5  records contained information exempt from disclosure under 5 U.S.C. §552(b), Plaintiff has a

6  right of access to all reasonably segregable non-exempt portions of such records, and FOIA

7  requires their disclosure.  As they do not fall within any of the FOIA's exemptions from required

8  disclosure, Defendant has no legal basis for withholding such portions of the records sought.

9    16.   Alternatively, even if the records sought were otherwise exempt from required

10  disclosure pursuant to 5 U.S.C. §552(b), there is a strong public interest in their disclosure to the

11  Attorney General, and EPA should exercise its discretion to disclose the requested records.

12    17.   By the terms of 5 U.S.C. §552(a)(6)(C), Plaintiff is deemed to have exhausted his

13  administrative remedies by virtue of EPA's failure to provide the records sought in the EPA

14  FOIA Request within the time limits set forth in 5 U.S.C. §552(a)(6)(A).

15                              **PRAYER FOR RELIEF**

16    WHEREFORE, Plaintiff requests that this Court:

17    1.   Take jurisdiction of this cause;

18    2.   Order EPA to prepare and file an itemized index, for all withheld documents and

19  portions of documents, containing all information needed to evaluate each claimed exemption,

20  including but not limited to, identification of the segregable portions of the documents withheld,

21  the nature of the information contained in each portion, whether factual information is contained

22  in each portion, and the specific justification for withholding of each such portion;

23    3.   Enjoin EPA from withholding all records or portions of records improperly withheld,

24  and order their immediate disclosure to Plaintiff;

25    4.   Grant Plaintiff his costs and attorneys' fees in this action, pursuant to 5 U.S.C.

26  §552(a)(4)(E); and

27  ///

28  ///

Complaint for Injunctive Relief Under FOIA

4

1     5.     Grant such other and further relief as the Court shall deem just and proper.

2

3   Dated:  January 31, 2008

4                                                       Respectfully submitted,

5                                                       EDMUND G. BROWN JR.
                                                        Attorney General of the State of California
6                                                       JAMES HUMES
                                                        Chief Deputy Attorney General
7                                                       JANET GAARD
                                                        Chief Assistant Attorney General
8                                                       THEODORA BERGER
                                                        Senior Assistant Attorney General
9                                                       SANDRA GOLDBERG
                                                        Deputy Attorney General

10

11

12                                                      LAURA J. ZUCKERMAN
                                                        Deputy Attorney General
13
                                                        Attorneys for People of the State of California
14                                                      *ex rel.* Edmund G. Brown Jr., Attorney
                                                        General of the State of California
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief Under FOIA

# EXHIBIT A



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

DEC 1 9 2007

OFFICE OF THE
ADMINISTRATOR

The Honorable Arnold Schwarzenegger
Governor of the State of California
State Capitol
Sacramento, California 95814

Dear Governor Schwarzenegger,

As I have committed to you in previous correspondence, I am writing to inform you of my decision with respect to the request for a waiver of Federal preemption for motor vehicle greenhouse gas emission standards submitted by the California Air Resources Board (CARB).

As you know, EPA undertook an extensive public notice and comment process with regard to the waiver request. The Agency held two public hearings: one on May 22, 2007 in Washington, D.C. and one in Sacramento, California on May 30, 2007. We heard from over 80 individuals at these hearings and received thousands of written comments during the ensuing public comment process from parties representing a broad set of interests, including state and local governments, public health and environmental organizations, academia, industry and citizens. The Agency also received and considered a substantial amount of technical and scientific material submitted after the close of the comment deadline on June 15, 2007.

EPA has considered and granted previous waivers to California for standards covering pollutants that predominantly affect local and regional air quality. In contrast, the current waiver request for greenhouse gases is far different; it presents numerous issues that are distinguishable from all prior waiver requests. Unlike other air pollutants covered by previous waivers, greenhouse gases are fundamentally global in nature. Greenhouse gases contribute to the problem of global climate change, a problem that poses challenges for the entire nation and indeed the world. Unlike pollutants covered by the other waivers, greenhouse gas emissions harm the environment in California and elsewhere regardless of where the emissions occur. In other words, this challenge is not exclusive or unique to California and differs in a basic way from the previous local and regional air pollution problems addressed in prior waivers.

Also, I firmly believe that, just as the problem extends far beyond the borders of California, so too must be the solution. Congress has recognized the need for very aggressive yet technically feasible national standards to address greenhouse gases and energy security by passing the Energy Independence and Security Act. Just today the President signed these national standards into law, providing environmental benefits and economic certainty for Californians and all Americans. I strongly support this national approach to this national challenge which establishes an aggressive standard of 35 miles per gallon for all 50 states, as opposed to 33.8 miles per gallon in California and a patchwork of other states. This legislation

will deliver energy security benefits and bring a much needed national approach to addressing global climate change, improving the environment for all Americans.

In light of the global nature of the problem of climate change, I have found that California does not have a "need to meet compelling and extraordinary conditions." Accordingly, I have decided that EPA will be denying the waiver and have instructed my staff to draft appropriate documents setting forth the rationale for this denial in further detail and to have them ready for my signature as soon as possible.

Please be assured that my decision in this matter is made specific to the facts and circumstances of this request, which, as explained above, are distinctly different from prior waiver requests. I do not intend for this decision to affect any future requests by the State of California for waiver determinations for non-greenhouse gas emissions from vehicles.

Finally, I want to acknowledge the leadership that you and your state have shown to increase vehicle fuel economy, to address energy security, and to reduce greenhouse gases. I agree that increased vehicle standards can be a win-win for the environment and the economy. I have no doubt that the national standards Congress adopted and the President signed into law this week were enacted, in part, because of your efforts.

Sincerely,

Stephen L. Johnson

cc:     Governor Janet Napolitano
Governor Bill Ritter
Governor Charlie Crist
Governor Deval Patrick
Governor Martin O' Malley
Governor John Baldacci
Governor Jon S. Corzine
Governor Eliot Spitzer
Governor Ted Kulongoski
Governor Don Carcieri
Governor Jon Huntsman, Jr.
Governor Jim Douglas
Governor Christine Gregoire
Governor M. Jodi Rell
Governor Edward Rendell
Governor Bill Richardson
Senator Barbara Boxer
Senator Dianne Feinstein
Representative Xavier Becerra
Representative Howard Berman
Representative Brian Bilbray
Representative Mary Bono
Representative Ken Calvert
Representative John Campbell
Representative Lois Capps
Representative Dennis Cardoza
Representative Jim Costa
Representative Susan Davis
Representative John Doolittle
Representative David Dreier
Representative Anna Eshoo
Representative Sam Farr
Representative Bob Filner
Representative Elton Gallegly
Representative Jane Harman
Representative Wally Herger
Representative Mike Honda
Representative Duncan Hunter
Representative Darrell Issa
Representative Tom Lantos
Representative Barbara Lee
Representative Jerry Lewis
Representative Zoe Lofgren
Representative Dan Lungren
Representative Doris Matsui
Representative Kevin McCarthy

Representative Howard "Buck" McKeon
Mary D. Nichols, California Air Resources Board

# EXHIBIT B

*************** -COMM. JOURNAL- ******************* DATE DEC-27-2007 ***** TIME 15:19 ********

MODE = MEMORY TRANSMISSION                START=DEC-27 15:17    END=DEC-27 15:19

    FILE NO.=462

| STN<br>NO. | COMM. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---|---|---|---|---|
| 001 | OK | ☎912025662147 | 011/011 | 00:01:53 |

-DOJ. OAKLAND            -

***** UF-8000 v2 ******************* -DOJ. OAKLAND    - ***** -    510 622 2270- *********

EDMUND G. BROWN JR.                                    State of California
Attorney General                                       DEPARTMENT OF JUSTICE

## FAX TRANSMISSION COVER SHEET

IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE:  December 27, 2007   TIME:              NO. OF PAGES:    11
                                                     (INCLUDING COVER SHEET)

RE:   Freedom of Information Act Request

TO:   Mr. Larry F. Gottesman
      National FOIA Officer
      Office of Environmental Information
      Records, FOIA, and Privacy Branch (2822T)
      1200 Pennsylvania Avenue, NW
      Washington, D.C. 20460

      Fax: (202) 566-2147

FROM:

NAME:    Laura Zuckerman

OFFICE:   Office of the Attorney General - Oakland

LOCATION:  1515 Clay Street, 20th Floor, Oakland, Ca 94612

FAX NO:   510-622-2270          PHONE NO: 510-622-2174

### MESSAGE

**PLEASE DELIVER IMMEDIATELY.**

*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public: (510) 622-2100
Telephone: (510) 622-2174
Facsimile: (510) 622-2270
E-Mail: laura.zuckerman@doj.ca.gov

December 27, 2007

**VIA FACSIMILE, FEDEX, AND E-MAIL**

Mr. Larry F. Gottesman
National FOIA Officer
Office of Environmental Information
Records, FOIA, and Privacy Branch (2822T)
1200 Pennsylvania Avenue, NW
Washington, D.C. 20460
E-mail: hq.foia@epa.gov
Facsimile: (202) 566-2147

RE:    **FREEDOM OF INFORMATION ACT REQUEST**

Dear Mr. Gottesman:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and its implementing regulations, I hereby make this request for records on behalf of the People of the State of California. This request describes (1) the records sought, and (2) the People's request for a fee waiver for production of these records.

**Request for Records**

For the purpose of this request, the term "GHG Waiver Request" means the State of California's request for a waiver of preemption under Clean Air Act section 209(b) for California's regulations to control greenhouse gas emissions from motor vehicles that was originally submitted to EPA on December 21, 2005 and for which EPA has assigned the docket number of EPA-HQ-OAR-2006-0173.

The People of the State of California, acting by and through the Attorney General of the State of California, request the disclosure of the following records:[1]

---

1. As used in this request, the term "records" is used to mean anything denoted by the use of that word, or its singular form, in FOIA. In particular, the term is used to mean all audio

Mr. Larry F. Gottesman
December 27, 2007
Page 2

1.    All records constituting or evidencing any communication relating to the GHG Waiver Request between any official, employee, and/or representative of the Environmental Protection Agency ("EPA") and any official, employee and/or representative of (a) the Department of Transportation, (b) the National Highway Traffic Safety Administration, (c) the Office of Management and Budget, (d) the Executive Branch, including White House personnel and other members of the Executive Branch, and/or (e) any other person or entity. This request does not include any records that constitute or evidence a communication solely between EPA employees.

2.    All records constituting or referring to any draft of a decision document, in whole or in part, for the GHG Waiver Request.

3.    All records constituting or evidencing any analysis comparing emission reductions, fuel savings, or fuel economy increases that would, could, or might result from implementation of the regulations that are the subject of the GHG waiver request to those that would, could, or might result from (a) H.R. 6 as signed by the President on December 19, 2007; (b) the passage of any bill that has been considered by any part of the United States Congress; and/or (c) the "20 in 10 Plan" announced by President Bush in his State of the Union Address on January 23, 2007.

4.    All records constituting briefing materials, drafts of briefing materials, or portions of briefing materials related to the GHG Waiver Request and prepared for the Administrator or senior staff of EPA, including, but not limited to, the PowerPoint presentation referenced in the December 20, 2007 Washington Post article entitled "EPA Chief Denies Calif. Limit on Auto Emissions."

EPA need not produce any records that have been placed in the official docket for this matter (EPA-HQ-OAR-2006-0173) that is found on the www.regulations.gov website. To the extent that records responsive to this request were released in connection with another request under FOIA, please identify such records, but do not produce them again.

This request includes records at the headquarters or other offices of EPA, all of its departments and units, and records in the individual files of agency employees. This request is made with the understanding that it will be forwarded to any other offices that may be in the possession of the requested documents. If a portion of a record is responsive to the above requests, but another portion is not responsive, please disclose the entire record, without redacting any non-responsive portions.

---

recordings and all other writings, however produced, reproduced, or stored, including, but not limited to, the following: correspondence; minutes, attendance lists, or agendas of meetings; notes, including meeting notes and notes of phone conversations; e-mails; drafts; proposals; memoranda; notices; facsimiles; charts; tables; presentations, including PowerPoint presentations; as well as any other form of intra- or inter-agency communication.

Mr. Larry F. Gottesman
December 27, 2007
Page 3

     If you deny any part of this request, please cite each specific reason that you believe justifies your refusal to release the records.  Should you elect to withhold any records or portions of records responsive to this request under the exemption at 5 U.S.C. § 552(b)(5), for each withheld record or portion, please state the identity of the author and all recipients; the date; the subject of the record; and the particular privilege claimed.  For each record or portion withheld under 5 U.S.C. § 552(b)(5) based on a claim of deliberative process privilege, please also provide a complete explanation of why the record or portion of the record qualifies for that privilege; whether there is segregable factual information in the record; and whether the privilege is claimed for the segregable factual information or whether such information is being produced.

## Request For a Fee Waiver

     The California Attorney General is, of course, not a commercial organization.  The Attorney General requests a waiver of search and copying fees associated with this request.  Under FOIA, agencies must waive such fees where disclosure is likely to contribute significantly to public understanding of the operations and activities of the government and disclosure is not primarily in the commercial interest of the requester.  5 U.S.C. § 552(a)(4)(A)(iii).  Under the statute and the criteria set forth in the EPA regulations implementing the statute, such a waiver is appropriate here.  *See* 40 C.F.R. § 2.107(l) (2007).

     The Attorney General's Office acts on behalf of the State and the public pursuant to the California Constitution, statutory authority, and common law.  *See* Cal. Const. art. V, § 13; Cal. Gov. Code §§ 12511, 12600-12; *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 14-15 (1974).  A fee waiver is appropriate under 5 U.S.C. § 552(a)(4)(A)(iii), and under EPA's regulations, because disclosure is likely to contribute significantly to public understanding of the operations and activities of the government and disclosure is not primarily in the commercial interest of the requester.  *See* 40 C.F.R. § 2.107(l).  The information sought is likely to contribute to an increased public understanding of EPA's and the Executive Branch's role in making decisions about how best to address the greenhouse gas emissions that cause global warning.  In particular, the information requested will enhance the Attorney General's and the American public's understanding of the role played by EPA and other members of the Executive Branch in reaching the decision to deny California's application for a waiver – a decision that has received front-page news coverage throughout the nation.

     The Attorney General, and the residents of California and other states (including, but not limited to, those affected by EPA's decision to deny California's waiver request) are very interested in any actions taken, and decisions made, by federal agencies in determining how best to limit the greenhouse gas emissions that cause global warming.  Disclosure of the information requested will contribute significantly to public understanding of this issue, one of the most critical of our time.  The Attorney General has no commercial interest in obtaining the requested information, and the information requested is not otherwise publicly available.  The requested information will help the Attorney General in representing over 30 million people of the State of California, and also will help significantly to increase public understanding of the activities of the federal government in regard to regulation of greenhouse gas emissions that cause global

Mr. Larry F. Gottesman
December 27, 2007
Page 4

warning. For all these reasons, and for the reasons set forth in the July 27, 2007 letter attached
hereto as Exhibit A (without attachments) and incorporated by reference, a fee waiver is
appropriate. *See* 40 C.F.R. § 2.107(l).

The Attorney General believes that the records sought are of great public interest, that the
American public would benefit significantly from access to such information, and that the
records sought are not exempt from required disclosure under FOIA. In addition, however, given
that it is in the public interest to disclose these records, even if you determine that certain of the
records sought are exempt under FOIA, the Attorney General requests that you exercise your
discretionary authority to disclose them.

Please send all requested materials to my attention, on a rolling basis, at the address
provided above, within 20 days. At no point should EPA's search for, or deliberations
concerning, certain records delay the production of others that EPA has already retrieved and
decided to produce. In addition, produce all records currently existing in electronic format on a
CD, pursuant to 5 U.S.C. § 552(a)(3)(B). Please call me at (510) 622-2174 if you have any
questions about this request.

Sincerely,

SANDRA GOLDBERG
LAURA J. ZUCKERMAN
Deputy Attorneys General

For    EDMUND G. BROWN JR.
Attorney General of the State of California

cc:    Marc Melnick
       Ken Alex

Attachment

**EXHIBIT A**



*EDMUND G. BROWN, JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public:  510-622-2100
Telephone:  510-622-2145
Facsimile:  510-622-2270
E-Mail:sandra.goldberg@doj.ca.gov

July 27, 2007

By Email and Telecopy

Environmental Protection Agency
Office of Environmental Information, Records, FOIA and Privacy Branch (2822T)
1200 Pennsylvania Avenue, NW
Washington, DC 20460

RE:    Appeal of Fee Waiver Denial Determination For Request No. HQ-RIN-01422-07

Dear Sir or Madam:

The Attorney General hereby appeals the denial by EPA of his request for a fee waiver for
the above-reference Freedom of Information Act ("FOIA") request submitted by the Attorney
General of the State of California.  The waiver was denied in a letter from Larry F. Gottesman,
National FOIA Officer, dated June 27, 2007.

**Request for Records**

In a letter dated May 30, 2007, the Attorney General requested records regarding the
Executive Order issued by the President on May 14, 2007 entitled "Cooperation Among
Agencies in Protecting the Environment with Respect to Greenhouse Gas Emissions From Motor
Vehicles, Nonroad Vehicles, and Nonroad Engines" (hereafter "May 14 Executive Order").

**Request For a Fee Waiver**

The Attorney General submitted a letter dated June 12, 2007 providing information in
support of its request for a fee waiver (see attached: "Letter to EPA about fee waiver").
Additional information to support to request for a fee waiver is set forth below and in the
attachments to this letter.

A fee waiver is appropriate under 5 U.S.C. § 552(a)(4)(A)(iii) because disclosure is likely
to contribute significantly to public understanding of the operations and activities of the
government and disclosure is not primarily in the commercial interest of the requester.  The
criteria for a waiver set forth at 40 C.F.R. § 2.107(l)(2)(i) is met because the subject of the
request is the operation and activity of EPA with respect to carrying out the activities required by
the May 14 Executive Order, and its involvement in activities that led up to the issuance of the
May 14 Executive Order.

The information sought is likely to contribute significantly to an increased public
understanding of the operations and activities of EPA and other federal agencies, with respect to
proposals to regulate greenhouse gas emissions subject to the May 14 Executive Order.  The

July 27, 2007
Page 2

information below demonstrates that the criteria at 40 C.F.R. § 2.107(l)(2)(ii), (iii) and (iv) are met.

<u>The Attorney General Has Expertise in the Issue of Greenhouse Gas Emissions From Motor Vehicles</u>

EPA asserted that we have not demonstrated the Attorney General's expertise in the subject area. The Attorney General's Office has acquired significant expertise in the issue of greenhouse gas emissions from motor vehicles from its involvement in the legal actions discussed below.

California has adopted regulations, known as the "Pavley regulations", pursuant to California Health and Safety Code 43018.5(b)(1) that require a reduction in motor vehicle greenhouse gas emissions. (California Code of Regulations, title 13, section 1961.1). The regulations impose graduated greenhouse gas emission reductions on passenger cars, light trucks and SUVs. The Attorney General is defending those regulations in a lawsuit filed by automakers. *(Central Valley Chrysler-Jeep, Inc. v. Witherspoon*, Case No. CIV-F-04-6663, U.S. District Court, Eastern District of California). More than two years of extensive discovery has been conducted by the Attorney General in the case, and five motions for summary judgment (four by the state) are filed and pending. The case was stayed pending the Supreme Court's decision in *Massachusetts v. U.S. EPA* (No. 05-1120) and briefing is now underway regarding the impact of the Supreme Court's decision on the pending motions. Moreover, 12 other states, reflecting 40% of the vehicles purchased in a year in the country, have also adopted California's Pavley regulations. Thus, this case is critical to the efforts by states to reduce greenhouse gas emissions from motor vehicles.

The state has requested a waiver under the Clean Air Act from the EPA to allow the Pavley regulations to go into effect. Attorney General Brown testified before both EPA and the U.S. Senate regarding the request for a waiver from EPA for the Pavley regulations. (See attached: AG Senate Testimony).

The Attorney General filed a petition with the Court of Appeals for the Ninth Circuit challenging the corporate average fuel economy ("CAFE") standard for light trucks adopted by NHTSA in April 2006. *People of the State of California, et al. v. National Highway Traffic Safety Administration* (Case Nos. 06-72317 and 06-72641). This challenge asserts that NHTSA failed to adequately assess the impact of the standard on the level of greenhouse gas emissions from light trucks and the impact of those emissions on global warming. Ten states, the District of Columbia, and the City of New York are also Petitioners in this action and signed onto the brief prepared by the California Attorney General's Office which is attached (see attached: CAFE Petition Brief). Oral argument was held on this action earlier this year, and the matter is pending.

In September 2006, the Attorney General filed a complaint for damages and declaratory judgment against the six largest manufacturers of motor vehicles sold in this country. *(People of the State of California v. General Motors Corporation, et al.*, Case No. C06-05755, U.S. District Court, Northern District of California) (see attached: People v. GM Compaint). The action seeks relief for the damages caused by the defendants' contributions to global warming from the massive amounts of carbon dioxide emitted by automobiles that they produced. This action is

July 27, 2007
Page 3

pending.

The Attorney General also represented the State of California, one of the Petitioners in *Massachusetts v. U.S.*, 127 S.Ct. 1438 (April 2, 2007), where the Supreme Court ruled that EPA has authority under the Clean Air Act to regulate greenhouse gas emissions from motor vehicles.

The Attorney General Has the Intent and Ability to Effectively Convey the Requested Information to the Public

The Attorney General has the intent and ability to distribute and inform the public about the information obtained in his FOIA Request, and this will significantly increase public understanding by Californians of the activities of EPA and its role in the decision-making process regarding federal regulation of greenhouse gas emissions from vehicles and agency coordination on that issue. The Attorney General issues "News Alerts" on his website regarding global warming and greenhouse gas emissions from vehicles and intends to continue to do so. These are also distributed to the press. Attached are 17 "News Alerts" regarding global warming and greenhouse gas emissions that were issued by the Attorney General in 2006 and 2007 (see attached: AG News Alerts). These News Alerts often include attached documents that are accessible by the public to provide further education regarding the issue. The Attorney General's website was visited 97,387,096 times so far in 2007 and 112,692,740 times in 2006. Thus, the Attorney General's website conveys information to a very large number of people and is an effective avenue for the Attorney General to inform the public about the information sought in the FOIA request.

The press is also very interested in the Attorney General's News Alerts and other statements regarding global warming and greenhouse gas emissions from vehicles and this is the subject of many newspaper articles that are read by large numbers of Californians. Attached are 25 newspaper articles published so far this year that discuss the Attorney General's activities regarding this issue (see attached: Newspaper Articles). This is also an effective means by which the information requested can be conveyed to the public.

The Attorney will use the requested information on behalf over 30 million residents of California. The information will increase the Attorney General's understanding of the activities of EPA regarding regulation of greenhouse gas emissions from motor vehicles – this information will be used by the Attorney General to protect the interests of the 30 million residents of the state, by defending and achieving implementation of the laws and regulations adopted by the state to protect the health, welfare, and environment of its residents, and in the other legal actions discussed above.

There Is Great Public Concern and Interest In Global Warming in California

The Governor and Legislature of California have determined that greenhouse gas emissions that cause global warming present a serious threat to the health, safety and welfare of California's residents. (California Health & Safety Code § 38500, *et seq.*; Governor's Executive Order S-3-06, June 1, 2005). A recent study by the Public Policy Institute of California ("PPIC") demonstrates the great concern and interest of the public in California in global warming, as reported in the PPIC Statewide Survey: Californians and the Environment, July 2007. (See

July 27, 2007
Page 4

attached: Public Policy Institute Survey; also found at
www.ppic.org/content/pubs/survey/S_707MBS.pdf). The results of the survey of Californians
include the following:

• 82% feel global warming is a very serious or somewhat serious threat to the economy and
quality of life in California.

• 85% are concerned that global warming will make droughts more severe (60% of them "very
concerned"), 86% that it will cause increased air pollution, and 65% that it will cause increased
flooding.

• 84% support California law that requires all automakers to further reduce emissions of
greenhouse gases from new cars in California beginning in 2009.

• 84% of Californians (85% of likely voters) support increased government spending for
renewable energy such as solar, geothermal, and wind power; 78% of Californians and likely
voters support increased spending on alternative sources of fuel such as biofuels and ethanol for
autos.

• 67% do not feel the federal government is doing enough to protect the environment.

(See article "PPIC Poll Shows Californians Very Concerned About Global Warming and Air
Pollution and Want Stronger Action by State Government" available at:
www.californiaprogressreport.com/2007/07/ppic_poll_shows.html).

Thus, the public in California is extremely interested in and concerned about the issue of
global warming and greenhouse gas emissions from motor vehicles. The requested records will
enable the Attorney General to provide additional information and understanding about an issue
that is of very great concern to the public in California.

Please call me at 510-622-2145 if you have any questions about this appeal. The
attachments and exhibits referred to in this letter are being been sent to you by email. If you
would like me to also send any of them by telecopy, please let me know.

Sincerely,

/Sandra Goldberg/
SANDRA GOLDBERG
Deputy Attorney Geneal

For    EDMUND G. BROWN
Attorney General

cc:    Laura Zuckerman

```
************* -COMM. JOURNAL- ***************** DATE JUL-27-2007 **** TIME 14:07 ********
```

MODE = MEMORY TRANSMISSION          START=JUL-27 14:06      END=JUL-27 14:07

   FILE NO.=526

| STN NO. | COMM. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---|---|---|---|---|
| 001 | OK | ☎912025662147 | 005/005 | 00:00:58 |

-DOJ. OAKLAND      -

```
***** UF-8000 v2 ***************** =DOJ. OAKLAND   - **** -      510 622 2270- *********
```

EDMUND G. BROWN JR.                              State of California
Attorney General                          DEPARTMENT OF JUSTICE

                                          1515 Clay Street, 20th Floor
                                          P.O. Box 70550
                                          Oakland, CA 94612-0550
                                          (510) 622-2100

## FAX TRANSMISSION COVER SHEET

**IMPORTANT/CONFIDENTIAL:** This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE:   July 27, 2007    TIME:              NO. OF PAGES:  5
                                             (INCLUDING COVER SHEET)

TO:
   NAME:     **ENVIRONMENTAL PROTECTION AGENCY**
   OFFICE:   **OFFICE OF ENVIRONMENTAL INFORMATION, RECORDS, FOIA & PRIVACY BRANCH**
   LOCATION: **(2822T), 1200 PENNSYLVANIA AVENUE, N.W.**
   FAX NO:   **202-566-2147**         PHONE NO:  **202-566-2162**

FROM:
   NAME:     **SANDY GOLDBERG**
   OFFICE:   **CALIFORNIA ATTORNEY GENERAL'S OFFICE**
   LOCATION:
   FAX NO:   **510-622-2270**         PHONE NO:  **510-622-622-2145**

MESSAGE/INSTRUCTIONS

**APPEAL OF FEE WAIVER DENIAL DETERMINATION RE CALIFORNIA ATTORNEY
GENERAL'S FREEDOM OF INFORMATION ACT REQUEST HQ-RIN-0422-07**

**PLEASE DELIVER AS SOON AS POSSIBLE!
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER**

JUS 133 (1/99)

# EXHIBIT C

| | |
|---|---|
| **From:** | "Person, Linda" <person.linda@epa.gov> |
| **To:** | <Laura.Zuckerman@doj.ca.gov> |
| **Date:** | 12/28/2007 6:35:58 AM |
| **Subject:** | HQ Acknowledgement |



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
1200 Pennsylvania Avenue, NW (2822T)
Washington, DC 20460

December 28, 2007

Ms. Laura Zuckerman
California DOJ, Office of the Attorney General
1515 Clay Street, 20th floor
P.O. Box 70550
Oakland, CA, 94612-0550
United States

RE:    Request No:    HQ-RIN-00540-08

Dear Ms. Zuckerman,

This is to acknowledge receipt of your Freedom of Information Act (FOIA), 5 U.S.C. 552, request dated December 27, 2007 and received in this office on December 28, 2007, for records related to:

Copy of the listed records regarding the denial of the State of California's GHG Waiver Request

Your request has been forwarded to OAR for processing. If you have any questions, please contact the Requester Service Center at 202-566-1667 or by email at hq.foia@epa.gov. Please provide your FOIA request number in all communications.

Sincerely,

Larry F. Gottesman
National FOIA Officer