EDMUND G. BROWN JR.
Attorney General of the State of California
JAMES HUMES
Chief Deputy Attorney General
JANET GAARD
Chief Assistant Attorney General
THEODORA BERGER
Senior Assistant Attorney General
KEN ALEX
Supervising Deputy Attorney General
SANDRA GOLDBERG (SBN 138632)
LAURA J. ZUCKERMAN (SBN 161896)
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  Oakland, CA 94612
  Telephone: (510) 622-2174
  Fax: (510) 622-2270
  laura.zuckerman@doj.ca.gov

Attorneys for People of the State of California *ex rel.*
Edmund G. Brown Jr., Attorney General of the State
of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA** *ex rel.* **EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>                    Plaintiff,<br><br>         v.<br><br>**ENVIRONMENTAL PROTECTION AGENCY,**<br><br>                    Defendant. | Case No.: C 08-00735 SC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR *VAUGHN* INDEX**<br><br>Date:   April 25, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

In compliance with N.D. Local Rule 7-4(a), plaintiff People of the State of California, by and through Edmund G. Brown Jr., Attorney General of the State of California, submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion for a *Vaughn* Index.

///

## I. INTRODUCTION

Plaintiff filed this case to compel the Environmental Protection Agency ("EPA") to respond to the People of the State of California's request for records under the Freedom of Information Act, 5 U.S.C. §552, *as amended* ("FOIA"). Under FOIA, to justify withholding information once litigation has begun, an agency may be required to produce a "*Vaughn*" index, which correlates withheld documents or withheld portions of documents with detailed justifications for their withholding. It is proper for the Court to order defendant to produce and submit a *Vaughn* index promptly.

## II. BACKGROUND

In December 2005, the California Air Resources Board ("CARB") requested from EPA a waiver of preemption under section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b), for CARB's regulations to control greenhouse gas emissions from new motor vehicles ("GHG Regulations"), adopted in 2005 to implement the Pavley law (Assembly Bill 1493). The Clean Air Act gives California express authority to set its own emission standards provided it receives a waiver of preemption from EPA. The GHG Regulations are the most significant regulations currently in existence anywhere in the nation to address global warming, and at least twelve states would have been free to implement the same regulations if California had received the EPA waiver.

Despite demonstration of the severe effects of global warming on California's population, economy, and environment, EPA failed to take action on the waiver request for two years. On December 19, 2007, EPA Administrator Stephen Johnson rejected California's request to implement regulations on tailpipe emissions of greenhouses gases, principally carbon dioxide. The decision represents the first time EPA has denied a request by California to impose its own pollution rules: it previously has granted the state approximately 50 waivers.

On December 27, 2007, plaintiff sent a FOIA request to EPA seeking the disclosure of records related to the waiver denial, "including communications within and outside the federal government related to the waiver request, drafts of the decision document, analyses comparing emission reductions, fuel savings, or fuel economy increases that could result from

implementation of the GHG Regulations to those that could result from implementation of federal legislation, and briefing materials related to the waiver request that were prepared for the Administrator or senior staff of EPA, including, but not limited to, the PowerPoint presentation referenced in the December 20, 2007 Washington Post article entitled 'EPA Chief Denies Calif. Limit on Auto Emissions.'" Complaint filed January 31, 2008 ("Complaint"), ¶ 7 and Ex. B; *see* Answer filed March 3, 2008 ("Answer"), ¶ 7. EPA failed to produce any responsive records prior to the filing of the Complaint. Complaint, ¶ 9; Answer, ¶ 9. To date, EPA has failed to respond to the request or to provide an index to the documents withheld. Zuckerman Decl., ¶ 2.

Defendant's failure to date to provide a detailed justification of the basis for the exemptions claimed, whether by index or otherwise – or indeed to respond to the request *at all* – prompted the filing of this motion.

## III.    ARGUMENT

The Freedom of Information Act requires that government agencies shall, on receipt of a proper request, promptly disclose their records unless those records are subject to withholding pursuant to one of FOIA's exemptions. The agency must respond to the request within 20 working days. 5 U.S.C. 552(a)(6)(A)(i). Once litigation has begun, a court may require an agency to submit an index correlating the documents or portions of documents withheld with detailed justifications for their withholding. *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974)*; see also, e.g., Lion Raisins Inc. v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1082 (9th Cir. 2004).

Since *Vaughn* was decided, "government agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a '*Vaughn* index,' identifying each document withheld, the statutory exemption claimed, and the particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Wiener v. Federal Bureau of Investigation*, 943 F.2d 972, 977 & n.4 (9th Cir. 1991) (citations omitted), *cert. denied*, 505 U.S. 1212 (1992); *see also, e.g.*, *Bay Area Lawyers Alliance for Nuclear Arms Control v. Department of State*, 818 F. Supp. 1291, 1295 (N.D. Cal. 1992). "The purpose of the index is to afford the FOIA requester a

meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Wiener*, 943 F.2d at 977 (citations and internal quotation marks omitted).   It is one method (like submission of another form of accounting for the withheld documents, such as an affidavit) of ensuring that the requesting party and the deciding judge have enough information to determine whether the government agency properly withheld the documents sought. *Schiffer v. Federal Bureau of Investigation*, 78 F.3d 1405, 1408-09 (9th Cir. 1996).

Just as important as the production of a *Vaughn* index, however, is its production in a timely fashion. Production of an index at the outset of the litigation will allow time for the plaintiff to litigate the adequacy of the index if necessary, and it should enable the parties to narrow the scope of the issues to be resolved on their cross-motions for summary judgment.  Plaintiff has requested that defendant provide such an index, but to date EPA has not agreed.  Zuckerman Decl., ¶ 3. It is proper for the Court to order such an index be prepared and filed promptly, given FOIA's policy of expedited handling of document requests. *See, e.g., Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969, 972 (3d Cir. 1981).

**IV.     CONCLUSION**

Plaintiff made its FOIA request to EPA over 2 ½  months ago.  Plaintiff requests that the Court grant this Motion for a *Vaughn* Index, and order defendant to file such an index, and produce all documents not subject to a valid claim of exemption, no later than 14 days from the

///
///
///
///
///
///
///
///
///

1  date of the Court's order.

2  Dated: March 21, 2008                    Respectfully submitted,

3                                           EDMUND G. BROWN JR.
                                            Attorney General of the State of California
4                                           JAMES HUMES
                                            Chief Deputy Attorney General
5                                           JANET GAARD
                                            Chief Assistant Attorney General
6                                           THEODORA BERGER
                                            Senior Assistant Attorney General
7                                           KEN ALEX
                                            Supervising Deputy Attorney General
8                                           SANDRA GOLDBERG
                                            Deputy Attorney General

9

10                                          /S/ LAURA J. ZUCKERMAN

11
                                            LAURA J. ZUCKERMAN
12                                          Deputy Attorney General

13                                          Attorneys for People of the State of California
                                            *ex rel*. Edmund G. Brown Jr., Attorney
14                                          General of the State of California