1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  JAMES HUMES
   Chief Deputy Attorney General
3  JANET GAARD
   Chief Assistant Attorney General
4  KEN ALEX
   Senior Assistant Attorney General
5  SANDRA GOLDBERG (SBN 138632)
   LAURA J. ZUCKERMAN (SBN 161896)
6  Deputy Attorneys General
     1515 Clay Street, 20th Floor
7    Oakland, CA 94612
     Telephone: (510) 622-2174
8    Fax: (510) 622-2270
     laura.zuckerman@doj.ca.gov
9
   Attorneys for People of the State of California *ex rel.*
10 Edmund G. Brown Jr., Attorney General of the State
   of California
11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO  DIVISION

15

16 | **PEOPLE OF THE STATE OF CALIFORNIA *ex rel*. EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,** | Case No.: C 08-00735 SC |

17

18                                           **SECOND DECLARATION OF**
                          Plaintiff,         **LAURA J. ZUCKERMAN IN**
                                             **SUPPORT OF PLAINTIFF'S**
                                             **MOTION FOR *VAUGHN* INDEX**

19         **v.**

20 **ENVIRONMENTAL PROTECTION**
   **AGENCY,**                               Date:   April 25, 2008
21                                           Time:   10:00 a.m.
                          Defendant.         Place:  Courtroom 1, 17th Floor
22                                           Judge:  Hon. Samuel Conti

23

24

25

26

27

28

Second Zuckerman Decl. In Support of Plaintiff's Motion for *Vaughn* Index - C08-00735 SC

1

1  I, LAURA J. ZUCKERMAN, declare as follows:

2      1.    I am a Deputy Attorney General and one of counsel of record in this matter.  This

3  declaration is based on personal knowledge, and if called as a witness I could and would testify

4  competently to the facts set forth herein.

5      2.    Attached as Exhibit A is a true and correct copy of a letter dated March 31, 2008 from

6  Larry F. Gottesman of the United States Environmental Protection Agency that was faxed to me

7  on April 1, 2008.

8      3.    Attached as Exhibit B is a true and correct copy of an order filed April 10, 2008 in

9  *State of California v. United States Environmental Protection Agency*, No. 08-70011 (9th Cir.

10  Jan. 2, 2008).  Pursuant to FED. R. EVID. 201, plaintiff hereby requests that the Court take

11  judicial notice of this court-filed order and its contents, as they are "capable of accurate and

12  ready determination by resort to sources whose accuracy cannot reasonably be questioned."

13  FED. R. EVID. 201(b).

14      4.    Attached as Exhibit C is a true and correct copy of Order Re Motion For A Vaughn

15  Index filed in *People of the State of California ex rel. Bill Lockyer, Attorney General of the State*

16  *of California v. Federal Energy Regulatory Commission*, Case No. C02-0478 TEH. Pursuant to

17  FED. R. EVID. 201, plaintiff hereby requests that the Court take judicial notice of this court-filed

18  order and its contents, as they are "capable of accurate and ready determination by resort to

19  sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).  This order is

20  not designated "NOT FOR CITATION" pursuant to Civil L.R. 3-4(e).

21      5.    EPA has not told plaintiff that its FOIA request was unclear, and the parties are not

22  discussing clarifying or narrowing plaintiff's request.  EPA did not request prior to the filing of

23  the complaint that the parameters of plaintiff's request be narrowed.

24      I declare under penalty of perjury that the foregoing is true and correct.

25  Executed on April 11, 2008.

26

27                                          /S/ LAURA J. ZUCKERMAN

28

Second Zuckerman Decl. In Support of Plaintiff's Motion for *Vaughn* Index - C08-00735 SC

2

# EXHIBIT A



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

WASHINGTON, D.C.  20460

March 31, 2008

OFFICE OF
ENVIRONMENTAL INFORMATION

Ms. Laura Zuckerman
Deputy Attorney General
Environment Section
California Department of Justice
1515 Clay Street, 20th Floor
Oakland, CA  94612

RE:  Freedom of Information Act Request Number HQ-RIN-00540-08

Dear Ms. Zuckerman:

I am writing to inform you that the Environmental Protection Agency's (EPA's or Agency's) initial response to your Freedom of Information Act (FOIA) request for documents pertaining to a copy of records regarding the denial of the State of California's GHG waiver request is delayed because of "unusual circumstances." In response to numerous FOIA requests and requests from Congressional committees for documents related to the California Air Resources Board's request for a waiver of federal preemption under section 209(b) of the Clean Air Act, the Agency searched several EPA headquarters and regional offices to locate records responsive to these requests. The search produced a voluminous number of responsive records, and each record needed to be reviewed to determine whether it was exempt from disclosure under the FOIA. The Agency determined that several thousand records were not exempt from disclosure under FOIA and should be made publicly available. The Agency intends to make these frequently requested documents available to the public on the EPA Website by late April.

If you have any questions, please contact me on 202-566-2162.

Sincerely,

Larry F. Gottesman
National FOIA Officer

# EXHIBIT B

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF CALIFORNIA, by and through ARNOLD SCHWARZENEGGER, GOVERNOR OF THE STATE OF CALIFORNIA, the CALIFORNIA AIR RESOURCES BOARD, and EDMUND G. BROWN, JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | No. 08-70011 |
| Petitioner, | |
| WASHINGTON ENVIRONMENTAL COUNCIL; et al., | |
| Petitioners-Intervenors, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent, | |
| ALLIANCE OF AUTOMOBILE MANUFACTURERS, | |
| Respondent-Intervenor. | |

ec/MOATT

Respondents and respondent-intervenor's motions to dismiss these appeals for lack of jurisdiction are denied without prejudice to raising the arguments in the answering brief. *See Nat'l Indus. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1262 (9th Cir. 1982) (stating that merits panel may consider appellate jurisdiction despite earlier denial of motion to dismiss).

All pending motions for leave to intervene will be addressed by separate order.

The following briefing schedule shall govern these consolidated appeals: the opening briefs and excerpts of record are due May 14, 2008; the answering briefs are due June 16, 2008; and the optional reply briefs are due within 14 days after service of the last-served answering brief.

All parties on a side are encouraged to join in a single brief to the greatest extent practicable. *See* 9th Cir. R. 28-4.

ec/MOATT

08-70011

# EXHIBIT C



1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF<br>CALIFORNIA *ex rel.* BILL<br>LOCYER, ATTORNEY GENERAL<br>OF THE STATE OF CALIFORNIA, | |
| Plaintiff, | NO. C02-0478 TEH |
| v. | |
| FEDERAL ENERGY<br>REGULATORY COMMISSION, | ORDER RE MOTION FOR<br>A VAUGHN INDEX |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20

21    This matter comes before the Court on plaintiff's Motion for a *Vaughn* Index.

22  Having carefully considered the parties' papers and the record herein, the motion is granted

23  as set forth below.

24

25  DISCUSSION

26    On June 25, 2001, plaintiff filed its request under the Freedom of Information Act, 5

27  U.S.C. § 552, *as amended* ("FOIA").   On February 8, 2002 -- two weeks after the filing of

28  this lawsuit on January 25, 2002-- defendant Federal Energy Regulatory Commission

("FERC") responded to plaintiff's FOIA request by stating that there are a large number of

1   documents, falling within 17 separate categories, that may be responsive to the request.

2   FERC further stated, however, that with the exception of a single document, all of the

3   requested documents fall within FOIA exemptions 7(A) and (E), 5 U.S.C. §§ 522(b)(7)(A),

4   (E).   With regard to the single document, "an Operation and Maintenance Agreement

5   between Southern California Edison and AES Huntington Beach," FERC stated that it

6   intends to release the document "no less than five days from the date of this letter." *See*

7   Zuckerman Decl., Exh A.[1]

8          On January 25, 2002, plaintiff filed the instant Motion for a *Vaughn* Index, noticed for

9   March 6, 2002 before Magistrate Judge Larson.  FERC subsequently declined to consent to

10  jurisdiction before a magistrate judge and the action was reassigned to the undersigned.

11  Plaintiff's motion was then re-noticed for March 11, 2002.

12         FERC does "not object to the filing of a *Vaughn* Index," Def's Opp. at 1, and indeed

13  such an index is generally required under the circumstances present here. *See Wiener v.*

14  *Federal Bureau of Investigation*, 943 F.2d 972, 977-78 (9th Cir. 1991); *Vaughn v. Rosen*, 484

15  F.2d 820 (D.C. Cir. 1973).  Nor does FERC object to that portion of plaintiff's proposed

16  order which, consistent with *Vaughn* and *Wiener*, requires FERC to provide detailed

17  information regarding each document and the justification for its withholding.

18         The parties dispute, however, the timing of the Index.  Plaintiff asks that the Court

19  order FERC to serve and file the Index by March 13, 2002, two days after the scheduled

20  hearing, while FERC argues that it should be permitted to delay submission of the Index until

21  its files a summary judgment motion at some point in the future.  FERC provides no

22  justification for its approach, and it appears contrary to Congress' intent that FOIA matters

23  be addressed as promptly as possible.  *Coastal States Gas Corp. v. Dep't of Energy*, 644 F.2d

24  969, 972 (3rd Cir. 1981) (FOIA "embodies a policy of expedited handling of requests for

25

26  [1]

27         As of February 20, 2002, the date of plaintiff's reply brief, plaintiff had still not
           received this one document.  On February 26, 2002, plaintiff wrote a letter informing
28         the Court that it received the document on February 22, 2002.

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1  documents"). As plaintiff notes, prompt production of the Index prior to summary judgment

2  proceedings would allow for the efficient resolution of any disputes regarding the adequacy

3  of the Index and the possible narrowing of the issues on summary judgment.

4        Significantly, FERC has offered no reason or argument as to why it could not provide

5  its *Vaughn* Index promptly. FERC necessarily identified all documents at issue no later than

6  February 8, 2002, when it responded to plaintiff's FOIA request. It has also been on notice

7  of plaintiff's motion seeking a *Vaughn* Index since January 25, 2002. The Court additionally

8  notes that events to date in this case indicate that FERC only appears to act promptly when

9  prodded by legal proceedings or the specter of imminent court action. Accordingly, the

10  Court declines FERC's invitation to delay submission of its *Vaughn* Index until some

11  undetermined date in the future. Given the large number of documents involved, however,

12  the Court will allow FERC three weeks, in addition to the time that has already elapsed, to

13  prepare the Index.

14        Good cause appearing, it is THEREFORE ORDERED as follows:

15        FERC shall serve and file its *Vaughn* Index *no later than 21 days from the date of this*

16  *Order*. Said Index shall consist of an itemized index of all those documents that are the

17  subject of this suit, indicating in detail, with respect to each document or segregable portion

18  thereof, the nature of the information contained in it and the justification for withholding it.

19  The Index shall specific, for each document, at a minimum, the following:

20        (a) The author(s) of the document, to the extent indicated in the document

21        (b) The date the document was prepared, to the extent indicated in the document

22        (c) The addressees(s) of the document, to the extent indicated in the document

23        (d) Any additional person(s) to whom the document was circulated or made available,

24  to the extent indicated in the document

25        (e) The subject matter of the document

26        (f) A detailed justification of the basis for each claim of exemption

27

28

3

1          (g) The specific claimed injury to FERC that would result from the release of the

2   document

3          (h) Why the public interest does not favor disclosure of the document

4

5

6   **IT IS SO ORDERED.**

7

8   DATED 3/4/02

                              THELTON E. HENDERSON
9                             UNITED STATES DISTRICT JUDGE

10

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

        Plaintiff,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

        Defendant.

Case Number: C02-0478 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Laura Zuckerman
Deputy Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Steven J. Saltiel
U.S. Attorney - Civil Division
450 Golden Gate Avenue, 10th Fl.
P.O. Box 36055
San Francisco, CA 94102

Dated: March 5, 2002

Richard W. Wieking, Clerk

By: _____
     Deputy Clerk

EXHIBIT A

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF
CALIFORNIA *ex rel.* BILL
LOCYER, ATTORNEY GENERAL
OF THE STATE OF CALIFORNIA,

        Plaintiff,

        v.

FEDERAL ENERGY
REGULATORY COMMISSION,

        Defendant.

NO. C02-0478 TEH

ORDER RE MOTION FOR
A VAUGHN INDEX

       This matter comes before the Court on plaintiff's Motion for a *Vaughn* Index.
Having carefully considered the parties' papers and the record herein, the motion is granted
as set forth below.

DISCUSSION

       On June 25, 2001, plaintiff filed its request under the Freedom of Information Act, 5
U.S.C. § 552, *as amended* ("FOIA").   On February 8, 2002 -- two weeks after the filing of
this lawsuit on January 25, 2002-- defendant Federal Energy Regulatory Commission
("FERC") responded to plaintiff's FOIA request by stating that there are a large number of

1    documents, falling within 17 separate categories, that may be responsive to the request.

2    FERC further stated, however, that with the exception of a single document, all of the

3    requested documents fall within FOIA exemptions 7(A) and (E), 5 U.S.C. §§ 522(b)(7)(A),

4    (E).   With regard to the single document, "an Operation and Maintenance Agreement

5    between Southern California Edison and AES Huntington Beach," FERC stated that it

6    intends to release the document "no less than five days from the date of this letter." *See*

7    Zuckerman Decl., Exh A.[1]

8        On January 25, 2002, plaintiff filed the instant Motion for a *Vaughn* Index, noticed for

9    March 6, 2002 before Magistrate Judge Larson.  FERC subsequently declined to consent to

10   jurisdiction before a magistrate judge and the action was reassigned to the undersigned.

11   Plaintiff's motion was then re-noticed for March 11, 2002.

12       FERC does "not object to the filing of a *Vaughn* Index," Def's Opp. at 1, and indeed

13   such an index is generally required under the circumstances present here. *See Wiener v.*

14   *Federal Bureau of Investigation*, 943 F.2d 972, 977-78 (9th Cir. 1991); *Vaughn v. Rosen*, 484

15   F.2d 820 (D.C. Cir. 1973).  Nor does FERC object to that portion of plaintiff's proposed

16   order which, consistent with *Vaughn* and *Wiener*, requires FERC to provide detailed

17   information regarding each document and the justification for its withholding.

18       The parties dispute, however, the timing of the Index.  Plaintiff asks that the Court

19   order FERC to serve and file the Index by March 13, 2002, two days after the scheduled

20   hearing, while FERC argues that it should be permitted to delay submission of the Index until

21   its files a summary judgment motion at some point in the future.  FERC provides no

22   justification for its approach, and it appears contrary to Congress' intent that FOIA matters

23   be addressed as promptly as possible. *Coastal States Gas Corp. v. Dep't of Energy*, 644 F.2d

24   969, 972 (3rd Cir. 1981) (FOIA "embodies a policy of expedited handling of requests for

25

26   [1]

27       As of February 20, 2002, the date of plaintiff's reply brief, plaintiff had still not
         received this one document.  On February 26, 2002, plaintiff wrote a letter informing
28       the Court that it received the document on February 22, 2002.

2

*United States District Court*
*For the Northern District of California*

1  documents"). As plaintiff notes, prompt production of the Index prior to summary judgment

2  proceedings would allow for the efficient resolution of any disputes regarding the adequacy

3  of the Index and the possible narrowing of the issues on summary judgment.

4       Significantly, FERC has offered no reason or argument as to why it could not provide

5  its *Vaughn* Index promptly. FERC necessarily identified all documents at issue no later than

6  February 8, 2002, when it responded to plaintiff's FOIA request. It has also been on notice

7  of plaintiff's motion seeking a *Vaughn* Index since January 25, 2002. The Court additionally

8  notes that events to date in this case indicate that FERC only appears to act promptly when

9  prodded by legal proceedings or the specter of imminent court action. Accordingly, the

10  Court declines FERC's invitation to delay submission of its *Vaughn* Index until some

11  undetermined date in the future. Given the large number of documents involved, however,

12  the Court will allow FERC three weeks, in addition to the time that has already elapsed, to

13  prepare the Index.

14       Good cause appearing, it is THEREFORE ORDERED as follows:

15       FERC shall serve and file its *Vaughn* Index *no later than 21 days from the date of this*

16  *Order.* Said Index shall consist of an itemized index of all those documents that are the

17  subject of this suit, indicating in detail, with respect to each document or segregable portion

18  thereof, the nature of the information contained in it and the justification for withholding it.

19  The Index shall specific, for each document, at a minimum, the following:

20       (a) The author(s) of the document, to the extent indicated in the document

21       (b) The date the document was prepared, to the extent indicated in the document

22       (c) The addressees(s) of the document, to the extent indicated in the document

23       (d) Any additional person(s) to whom the document was circulated or made available,

24  to the extent indicated in the document

25       (e) The subject matter of the document

26       (f) A detailed justification of the basis for each claim of exemption

27

28

3

United States District Court
For the Northern District of California

1      (g) The specific claimed injury to FERC that would result from the release of the

2  document

3      (h) Why the public interest does not favor disclosure of the document

4

5

6  **IT IS SO ORDERED.**

7

8  DATED 3/4/o2

9                                          THELTON E. HENDERSON
                                           UNITED STATES DISTRICT JUDGE

10

11

United States District Court
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,
et al.,

          Plaintiff,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

          Defendant.

Case Number: C02-0478 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Laura Zuckerman
Deputy Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Steven J. Saltiel
U.S. Attorney - Civil Division
450 Golden Gate Avenue, 10th Fl.
P.O. Box 36055
San Francisco, CA 94102

Dated: March 5, 2002

Richard W. Wieking, Clerk

By: _____
    Deputy Clerk