| | |
|---|---|
| 1 | EDMUND G. BROWN JR. |
| | Attorney General of the State of California |
| 2 | JAMES M. HUMES |
| | Chief Assistant Attorney General |
| 3 | JANET GAARD |
| | Chief Assistant Attorney General |
| 4 | KEN ALEX |
| | Senior Assistant Attorney General |
| 5 | SANDRA GOLDBERG |
| | Deputy Attorney General |
| 6 | LAURA J. ZUCKERMAN |
| | Deputy Attorney General |
| 7 | State Bar No. 161896 |

  1515 Clay Street
  Oakland, CA 94612
  Telephone: (510) 622-2174
  Fax: (510) 622-2270
  Email: laura.zuckerman@doj.ca.gov

Attorneys for People of the State of California *ex rel.* Edmund G. Brown Jr., Attorney General of the State of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA** *ex rel.* **EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,** | C 08-00735 SC |
| | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR VAUGHN INDEX** |
| Plaintiff, | |
| v. | Date: April 25, 2008 |
| | Time: 10:00 a.m. |
| **ENVIRONMENTAL PROTECTION AGENCY,** | Place: Courtroom 1, 17th Floor |
| | Judge: Hon. Samuel Conti |
| Defendant. | |

In compliance with N.D. Local Rule 7-3(c), the People of the State of California, by and through Plaintiff Edmund G. Brown Jr., Attorney General of the State of California, submit this Reply in Support of Plaintiff''s Motion for a *Vaughn* Index.

///

## I. INTRODUCTION

This suit was filed by the People of the State of California under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), against defendant Environmental Protection Agency ("EPA"), to compel disclosure of documents relating to the federal government's efforts to thwart California's implementation of regulations to control greenhouse gas emissions from new motor vehicles ("GHG Regulations"). The suit seeks documents of vital national significance: those relating to EPA's recent, unprecedented denial of California's request for a waiver of preemption under the Clean Air Act to implement the GHG Regulations, adopted in 2005 to mitigate the severest effects of global warming on California's population, economy, and environment. Plaintiff seeks these records to inform the public about the process by which the determination was made, and to aid the State of California in its petition challenging the denial of the waiver request, *State of California v. United States Environmental Protection Agency*, No. 08-70011 (9th Cir. Jan. 2, 2008) ("Petition"). Because the State's opening brief in that action is due May 14 and its reply on June 30, time is of the essence.

Plaintiff filed this suit because EPA failed to determine within 20 working days, as FOIA requires, whether or not to comply with plaintiff's December 27, 2007 FOIA request for documents related to the waiver denial. Three and a half months after the request, EPA is only just starting to produce these documents. Given the ongoing public and congressional debate about California's ability to implement the GHG Regulations, the ensuing and continued delay in producing documents threatens irreparable harm to the constitutional interest in "the uninhibited, robust, and wide-open debate about matters of public importance that secures an informed citizenry." *Electronic Frontier Foundation v. Office of the Director of National Intelligence*, __ F. Supp. 2d __, No. C 08-01023 JSW, 2008 WL 920469, at *4 (N.D. Cal. April 4, 2008) (citation omitted) (compelling response to FOIA requests after agencies failed to comply with statutory deadline).[1]

---

1. In *Electronic Frontier Foundation*, a case involving issues of similar public importance, defendants the Office of the Director of National Intelligence and the Department of Justice had failed timely to comply with plaintiff's FOIA request, which sought documents concerning efforts

In addition, though conceding the appropriateness of filing a *Vaughn* index correlating the documents withheld with the justifications for their withholding, EPA refuses to produce an index that complies with Ninth Circuit precedent – or to produce it in a timely manner. Instead, it asserts it need not do so until it files its own summary judgment motion. Not only is there no Ninth Circuit authority to support its position, but EPA fails to disclose to the Court that it litigated and lost this precise timing issue in a recent FOIA case between the parties. In light of EPA's patent disregard of the Freedom of Information Act's policy of expedited handling of document requests, and EPA's pattern of attempts to circumvent the purposes of the statute, the Court should order EPA's *Vaughn* index filed without further delay.

## II. ARGUMENT

On December 27, 2007, shortly after EPA denied California's waiver request, plaintiff sent the agency a FOIA request seeking the disclosure of records related to the denial. Complaint at ¶ 7 and Ex. B; *see* Answer at ¶ 7. EPA failed to respond within 20 working days, as required by statute. 5 U.S.C. § 552(a)(6)(A)(i). Although FOIA provides a mechanism whereby an agency can grant itself a single, 10-working-day extension to respond under limited circumstances, 5 U.S.C. § 552(a)(6)(B), EPA failed to do so.[2] In the face of EPA's recalcitrance, plaintiff was forced to file suit, which it did on January 31, 2008.

---

of the agencies and the telecommunications industry to push for changes to federal surveillance law. *Id*. at *1. Plaintiff contended that timely production of documents was critical because the information was relevant to the public's understanding of the agencies' roles in lobbying on behalf of telecommunications providers for legislation to compel dismissal of pending lawsuits against the companies. *Id*. The Court found the information sought was essential to inform the public debate over possible amendments to legislation then being considered by Congress, noting that "the requested information will be rendered useless in the effort to educate the American public about the issues pertinent to the legislation if such information is produced after Congress amends the law." *Id*. at *4. The same is true here.

2. EPA sent plaintiff a letter on April 1, 2008, *two months after the filing of the complaint*, stating that EPA's response to the FOIA request would be "delayed because of 'unusual circumstances.'" Second Declaration of Laura J. Zuckerman ("Zuckerman Decl."), filed herewith, at ¶ 2 and Ex. A. Even if the letter had been sent prior to the filing of the complaint, necessary for the extension to have been effective, the due date for the response merely would have been extended to February 13, 2008. It is now two months later, and EPA still has not provided a complete response.

Reply In Support Of Plaintiff's Motion For *Vaughn* Index - C 08-00735 SC

2

EPA's opposition focuses not on its response to plaintiff's FOIA request, but on work the agency has done to gather documents in response to broader Congressional requests, and to similar but broader FOIA requests.[3/] But the work EPA has done to discharge its obligations to the Senate Committee on Environment and Public Works and the House Committee on Oversight and Government Reform does not relieve it of its obligation to comply with FOIA, which it has largely disregarded here. Only when faced with plaintiff's motion, and the prospect of a Court order, has EPA provided plaintiff with even a schedule for providing the documents and the index requested.

EPA has proposed May 23, 2008 as the deadline to produce to plaintiff all responsive, non-exempt documents, May 30 as the deadline to produce a detailed list of the documents withheld, and June 23 as the date on which it would produce a "sample" *Vaughn* index, listing only 10% of the documents withheld, filed together with its motion for summary judgment. Opp. at 7. But EPA's suggestion that it need not provide a *Vaughn* index that justifies the withholding of *each* document, and its contention that it need not produce such an index until it files its own motion for summary judgment, find no support in FOIA or in Ninth Circuit law.

In addition, time is critical here, since the State's opening brief in the Petition is due on May 14, and its reply on June 30, and the State may seek to augment the record in the Petition based on documents it receives in this case. *See* Zuckerman Decl., ¶ 3 and Ex. B. Given the interest in and the public importance of the California waiver, and the lack of any reason EPA cannot provide the records and the index sooner than it proposed (since much of the review has already been completed), the Court should order EPA to complete its production of documents, and produce a *Vaughn* index complying with Ninth Circuit precedent, by May 9, two weeks after

---

3. EPA claims it reviewed and produced to Congress most of the documents responsive to its request by February 22, 2008. Opp. at 2 & Ex. 6 at 2. EPA does not appear to have produced all of these documents to the public. According to the letter sent April 1, EPA has determined that there are several thousand non-exempt records responsive to the requests, which it intends not to release until late April. Zuckerman Decl., Ex. A. This violates 5 U.S.C. § 552(a)(C)(i), which provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request."

the hearing on this motion.

### A. Plaintiff's Motion Seeks the Type of Index Ninth Circuit Law Requires.

EPA asserts that, because there are several thousand records at issue, it should be required to produce only a "sample" *Vaughn* index, providing justifications for withholding for only 10% of the documents withheld. There is no authority for this position, either in the statute or in the case law of the Ninth Circuit (or elsewhere). Indeed, it runs counter to FOIA's requirement that the agency has the burden of proof to show that the documents withheld are exempt from disclosure. 5 U.S.C. § 552(a)(4)(B); *see also* 5 U.S.C. § 552(a)(6)(A) (agency must notify the requestor whether it will comply with the request, and provide the reasons therefor).

In the Ninth Circuit, to meet its burden to prove it has not improperly withheld documents from disclosure, EPA's index must identify *each* document (or portion) withheld (not just a random sample), the exemption claimed, and a particularized explanation of how disclosure of the particular document (or portion) would damage the interest protected by the claimed exemption. *Wiener v. Federal Bureau of Investigation*, 943 F.2d 972, 977 (9th Cir. 1991), *cert. denied*, 505 U.S. 1212 (1992); *see also, e.g., Fiduccia v. United States Dep't of Justice*, 185 F.3d 1035, 1043 (9th Cir. 1999) ("[w]here documents are withheld altogether, the requester needs a Vaughn index of considerable specificity"). EPA should be ordered to comply with this clear precedent. This will minimize the need for litigation over the adequacy of the index.

EPA's attempt to justify its position is based on a misreading of *Meeropol v. Meese*, 790 F.2d 942, 958-959 (D.C. Cir. 1986). *Meeropol* involved not the focused FOIA request at issue here, but "perhaps the most extensive FOIA request ever made," one which covered hundreds of thousands of pages and over thirty years' worth of documents, which required the work of dozens of full-time and part-time FBI employees over several years just to find and process. 790 F.2d at 944, 956. The sampling of documents at issue in that case was performed for *the Court's in-camera review*, which it conducted because the agency's affidavits were inadequate; the sampling was intended to reduce the burden on the *Court*, not the agency. *See id.* at 956-959. This was a legitimate approach to in-camera review where massive numbers of pages of

1  documents were involved. *See id.* Nothing in *Meeropol* suggests that the *agency* need not
2  review, and provide the requestor with justification for withholding, each document it claims to
3  be exempt.

**B.   It Is Appropriate to Order Defendant to File a *Vaughn* Index Promptly.**

EPA claims that requiring it to produce a *Vaughn* index before it files a motion for summary judgment would be premature. But EPA has identified no Ninth Circuit or district court cases in the Ninth Circuit that so hold. Indeed, production of such an index now could help narrow the issues to be addressed on summary judgment, minimize the need for in-camera review of documents, and allow time for any challenge to the adequacy of the index produced. And Northern District authority – including a recent FOIA case involving these two parties and this precise issue, *People of the State of California v. Environmental Protection Agency*, 2007 WL 2470159, *2 (N.D. Cal. Aug. 27, 2007) (White, J.) – runs counter to this claim. *See also, e.g.*, *People of the State of California v. Federal Energy Regulatory Commission*, No. C02-0478 TEH, Zuckerman Decl., ¶ 4 and Ex. C (agency provided no justification for delaying submission of index until filing of its own summary judgment motion; Court found approach "appears contrary to Congress' intent that FOIA matters be addressed as promptly as possible," and would not permit the efficient resolution of disputes relating to the adequacy of the index and possible narrowing of issues on summary judgment).

Despite EPA's assertion to the contrary, nothing in *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), or in FOIA supports the claim that "specific justifications for the withholding of responsive documents are required only when defendant seeks summary judgment in this case."[4/] Opp. at 4. It may be "standard practice" at the Department of Justice in Washington, D.C., Opp. at 4, to seek to delay defendant's submission of a *Vaughn* index until a defendant has prepared its case and is ready to file a summary judgment motion – this is clearly EPA's preference – but this is not what Ninth Circuit law requires.

---

4.   5 U.S.C. § 552(a)(4)(B), which EPA cites, does not support this contention. The provision merely gives the Court jurisdiction to enjoin the agency from withholding agency records, and allocates the burden of proof to the agency. *Id.*

Further, the out-of-circuit cases on which defendant relies – even if they did not conflict with authority from within this circuit – do not support EPA's claim that requiring the production of a *Vaughn* index at this time would be premature.[5/]  EPA has been aware since the filing of the original complaint 2 ½ months ago that it likely would have to produce a *Vaughn* index.[6/]  Because it has conceded its duty to produce one, as it did in the last case between the parties, there is no reason for it not to do so promptly.  Nor has it provided any compelling reason for needing additional time.  Even if it has not begun work on the index to date – which it should have, given how clear the law is in this regard – preparing a *Vaughn* index should not be particularly time-consuming given the work already completed during the prior review.[7/]

---

5. In *Long v. Department of Homeland Security*, 436 F. Supp. 2d 38, 44 (D.D.C. 2006), defendant had not even had a chance to review its files at the time plaintiff filed its *Vaughn* motion; on those facts, given the breadth of plaintiff's requests, the court held an order requiring the defendant to process the requests within 20 days, and produce a *Vaughn* index 10 days thereafter, would be premature.  Similarly, in *Miscavige v. Internal Revenue Service*, 2 F.3d 366 (11th Cir. 1993), plaintiff filed a *Vaughn* motion and sought discovery before the IRS had filed its answer.  The actual holding in *Miscavige* was that there was no *per se* requirement that a *Vaughn* index be produced in all cases: "we hold that in certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, in camera review, or oral testimony." *Id.* at 368 (declarations submitted in the case in lieu of *Vaughn* index were "highly detailed, focus[ed] on the individual documents, and provide[d] a factual base for withholding each document at issue").  Another case defendant cites, *U.S. Committee on Refugees v. Dep't of State*, No. 91-3303, 1992 WL 35089 (D.D.C. Feb. 7, 1992), simply relies on *Stimac*.  In other out-of-circuit cases on which defendant relies, timing was less the issue than the need for a *Vaughn* index (as opposed to detailed affidavits) at all.  In *Bassiouni v. Central Intelligence Agency*, 248 F. Supp. 2d 795, 796-797 (N.D. Ill. 2003), for example, the Northern District of Illinois reiterated that detailed *Vaughn* indices are not universally required in FOIA cases, and relied in part on the "attendant legal issues that pertain when the CIA is a defendant in a FOIA case" in denying plaintiff's motion.

6. In this circuit, a withholding agency is commonly required to produce a *Vaughn* index.  *See, e.g., Wiener*, 943 F.2d at 977-78; *see also, e.g., Fiduccia*, 185 F.3d at 1043.

7. Although agencies are not required to produce a *Vaughn* index before the filing of a lawsuit, which is principally what *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1 (D.D.C. 1995), and *Schwarz v. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000), hold, agencies *are* required during the administrative process (or in response to a Congressional request for documents) to perform a similar type of analysis to determine which documents are exempt from production and properly withheld.  For the bulk of the material covered by plaintiff's FOIA request, EPA asserts this process was largely completed a month and a half ago.  *See* Opp. at 2.

1  Nor do the cases on which EPA relies accurately reflect the law in the D.C. Circuit. As another court observed, in a similar context: "The defendant opposes plaintiffs' request on the grounds that *Vaughn* indexes are not automatically required and that it is more prudent for courts to wait until a dispositive motion has been filed before ordering production of an index. Defendant has cited to a couple of cases in which district courts, without much explication, have postponed such production until after a dispositive motions. [sic] [citing *Stimac v. U.S. Dep't of Justice*, 620 F. Supp. 212, 213, and other cases]. *However, these cases state no rule and other courts have not followed this procedure* [citing *Truitt v. Dep't of State*, 897 F.2d 540, 542 & n. 5, 7 (D.C. Cir. 1990), *Hansen v. Dep't of Air Force*, No. 91-0099, 1991 WL 199748 (D.D.C. April 15, 1991), and *Ettlinger v. F.B.I.*, 596 F. Supp. 867, 879 (D. Mass. 1984)]." *Providence Journal Company v. United States Dep't of the Army*, 769 F. Supp. 67, 68 (D.R.I. 1991) (emphasis added). The court goes on to conclude, "I find defendant's argument that this Court should wait until it files a dispositive motion insufficient and sterile . . . . 'It would be unfair to allow the [defendant] months to prepare its case and then force the [plaintiffs] to formulate their entire case within [the short time] they have to respond to that motion.' *Hansen*, *supra*, at 3." *Providence Journal*, 769 F. Supp. at 68.

It is not the principal function of a *Vaughn* index to enable a defendant to make its case on summary judgment – particularly since the production of an index is required, and the filing of a summary judgment motion, by definition, is not. The *Vaughn* index requirement is not imposed for defendant's benefit, and defendant should not control the timing of its production. To the contrary, because in a FOIA case only the party opposing disclosure has access to all the facts, "[t]he purpose of the index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding. The index thus functions to restore the adversary process to some extent, and to permit more effective judicial review of the agency's decision." *Wiener*, 943 F.2d at 977-978 (citations and internal quotation marks omitted).

If EPA were permitted to wait to file a *Vaughn* index until the filing of its own summary

1  judgment motion, plaintiff would have no opportunity to evaluate the index, challenge its
2  adequacy, or use it to file its own cross-motion for summary judgment.  Plaintiff would have
3  only two weeks to review the index entries for several thousand withheld documents and draft an
4  opposition identifying any deficiencies in the index.  Besides depriving plaintiff of its ability to
5  file its own motion, this would defeat most of the index's utility for plaintiff and much of the
6  policy rationale for its production.  It would also thwart Congressional intent that FOIA matters
7  be addressed promptly.  *See, e.g., Coastal States Gas Corp. v. Department of Energy*, 644 F.2d
8  969, 972 (3d Cir. 1981).  Fortunately, this is not the law.
9       In sum, there is nothing premature about this motion, which is designed to expedite
10 resolution of the case.  There is no reason EPA cannot produce an adequate *Vaughn* index two
11 weeks after the hearing, which will be over four months from the initial FOIA request and over
12 two months from the filing of the answer.  As EPA has been aware from the outset, this is a case
13 with national implications in which time is of the essence.  EPA's blatant disregard of FOIA's
14 requirements has only made the need for the documents more pressing.  Plaintiff's motion should
15 be granted.

16 **III.  CONCLUSION**

17      For the foregoing reasons, plaintiff respectfully requests that its motion be granted, that
18 EPA be ordered to produce all non-exempt documents and portions of documents responsive to
19 plaintiff's FOIA request, and to file a *Vaughn* index listing all the documents withheld and the
20 justification for their withholding, with sufficient specificity to comply with Ninth Circuit
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

1  precedent, by May 9, 2008.

2

3  Dated:  April 11, 2008            Respectfully submitted,

4                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California
5                                    JAMES M. HUMES
                                     Chief Assistant Attorney General
6                                    JANET GAARD
                                     Chief Assistant Attorney General
7                                    KEN ALEX
                                     Senior Assistant Attorney General
8                                    SANDRA GOLDBERG
                                     Deputy Attorney General

9                                    /S/  Laura J. Zuckerman

10
                                     LAURA J. ZUCKERMAN
11                                   Deputy Attorney General

12                                   Attorneys for People of the State of California
                                     *ex rel*. Edmund G. Brown Jr., Attorney General
13                                   of the State of California