EDMUND G. BROWN JR.
Attorney General of the State of California
JAMES HUMES
Chief Deputy Attorney General
JANET GAARD
Chief Assistant Attorney General
KEN ALEX
Senior Assistant Attorney General
SANDRA GOLDBERG
Deputy Attorney General
State Bar No. 138632
LAURA J. ZUCKERMAN
Deputy Attorney General
State Bar No. 161896
 1515 Clay Street, 20th Floor
 Oakland, CA 94612
 Telephone: (510) 622-2174
 Fax: (510) 622-2270
 laura.zuckerman@doj.ca.gov

Attorneys for People of the State of California *ex rel.*
Edmund G. Brown Jr., Attorney General of the State
of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA** *ex rel*. **EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Defendant. | Case No.: C 08-00735 SC<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br><br>Date: June 6, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

### JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The parties to the above-entitled action jointly submit this Case Management Statement.

1. <u>Jurisdiction and service</u>:  The parties agree that this Court has personal jurisdiction over defendant United States Environmental Protection Agency ("EPA").  EPA has been served and

1  has appeared.

2     2. <u>Facts</u>:  The People contend that in December 2005, the California Air Resources Board
3  ("CARB") requested from EPA a waiver of preemption under section 209(b) of the Clean Air
4  Act, 42 U.S.C. § 7543(b), for CARB's regulations to control greenhouse gas emissions from new
5  motor vehicles ("GHG Regulations"), adopted in 2005 to implement the Pavley law (Assembly
6  Bill 1493).  The Clean Air Act gives California express authority to set its own emission
7  standards provided it receives a waiver of preemption from EPA.  The GHG Regulations are the
8  most significant regulations currently in existence anywhere in the nation to address global
9  warming, and at least twelve states would have been free to implement the same regulations if
10 California had received the EPA waiver.

11     Despite demonstration of the severe effects of global warming on California's population,
12 economy, and environment, EPA failed to take action on the waiver request for two years.  On
13 December 19, 2007, EPA Administrator Stephen Johnson rejected California's request to
14 implement regulations on emissions of greenhouses gases.  The decision represents the first time
15 EPA has denied a request by California to impose its own pollution rules:  it previously has
16 granted the state approximately 50 waivers.

17     On December 27, 2007, plaintiff People of the State of California (the "People") sent a
18 request to EPA under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"),
19 seeking the disclosure of records related to the waiver denial, "including communications within
20 and outside the federal government related to the waiver request, drafts of the decision
21 document, analyses comparing emission reductions, fuel savings, or fuel economy increases that
22 could result from implementation of the GHG Regulations to those that could result from
23 implementation of federal legislation, and briefing materials related to the waiver request that
24 were prepared for the Administrator or senior staff of EPA, including, but not limited to, the
25 PowerPoint presentation referenced in the December 20, 2007 Washington Post article entitled
26 'EPA Chief Denies Calif. Limit on Auto Emissions.'" Complaint filed January 31, 2008
27 ("Complaint"), ¶ 7 and Ex. B; *see* Answer filed March 3, 2008 ("Answer"), ¶ 7.  The People
28 seek these records to inform the public about the process by which the determination was made,

1  and to aid the State of California in its petition challenging the denial of the waiver request, *State*
2  *of California v. United States Environmental Protection Agency*, No. 08-70011 (9th Cir. Jan. 2,
3  2008).
4      The People contend that EPA failed to produce any responsive records, or to respond to the
5  FOIA request at all, prior to the filing of the Complaint on January 31, 2008.  Complaint, ¶ 9;
6  Answer, ¶ 9.  Despite having produced over 27,000 pages of documents to Congress, all of
7  which are likely responsive to the People's FOIA request, to date EPA has failed to provide the
8  People with all the non-exempt documents and portions of documents called for by their request.
9  Nor, despite having agreed to produce a *Vaughn* index, has EPA yet produced any index to the
10 documents and portions of documents withheld.
11     EPA contends that, to date, plaintiff has been provided with over 9,000 pages of documents,
12 which comprises all responsive, unredacted, non-exempt documents related to its FOIA request
13 (with the possible exception of approximately 250 documents that require additional consultation
14 with other Executive Branch agencies, which is currently underway, to determine the
15 applicability of any FOIA exemptions).  Additionally, EPA has provided plaintiff with
16 documents containing segregable information and for which EPA makes a partial claim of
17 exemption.
18     Defendant EPA has previously provided plaintiff with a schedule proposing the following:
19     On or around May 30, 2008, EPA will serve the plaintiff with a list of *each document* that
20 EPA has withheld, in full or in part, responsive to plaintiff's FOIA request.  Additionally, as
21 Defendant has made no agreement to produce a Vaughn index prior to the filing of its dispositive
22 motion, on or about June 23, 2008, EPA will produce a sample Vaughn index with its motion for
23 summary judgment.
24     Defendant EPA contends that the reason for plaintiff's FOIA request is irrelevant.
25     The People believe there are disputed factual issues regarding (1) whether EPA has
26 produced all of the non-exempt documents called for by the People's FOIA request, and (2)
27 whether EPA has had enough time to complete its review and production of documents and a
28 *Vaughn* index.

3. <u>Legal issues</u>:

The Freedom of Information Act requires that government agencies shall, on receipt of a proper request, promptly disclose their records unless those records are subject to withholding pursuant to one of FOIA's exemptions. The People assert the following:

(a) Pursuant to 5 U.S.C. § 552(a)(3), the People have a right of access to the requested records and portions of records EPA has withheld, as they are not exempt from disclosure under FOIA and thus have been improperly withheld;

(b) Pursuant to 5 U.S.C. § 552(b), even if it were to be established that any of the requested records contained information exempt from disclosure under 5 U.S.C. § 552(b), the People have a right of access to all reasonably segregable non-exempt portions of such records, and FOIA requires their disclosure;

(c) Documents EPA produced to Congress, pursuant to subpoena or otherwise, have lost any exemption under FOIA they would otherwise have had;

(d) Under applicable Ninth Circuit precedent, EPA must produce a *Vaughn* index – one that lists *every single document withheld*, not merely a sample – without further delay;

(e) Even if the records sought were otherwise exempt from required disclosure under 5 U.S.C. § 552(b), there is a strong public interest in their disclosure, and EPA should exercise its discretion to disclose the requested records; and

(f) The People are entitled to costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).  EPA asserts that, to date, plaintiff has been provided with all of the responsive, unredacted, non-exempt documents (or portions thereof) to which it is entitled under FOIA (with the possible exception of 250 documents that require additional consultation with other Executive Branch agencies, which is currently underway, to determine the applicability of any FOIA exemptions) and that the documents (or portions thereof) that were not provided to plaintiff were properly withheld pursuant to the exemptions set forth in FOIA, including but not limited to Exemption 5 (the inter-agency and intra-agency documents exemption, the attorney-client and/or attorney work product exemption) and Exemption 6 (the privacy exemption). Defendant EPA asserts that there is no waiver of such exemptions in the instant matter.  Finally,

1  defendant asserts that a sample Vaughn index is proper and appropriate under Ninth Circuit law.

2      The following legal issues are disputed:

3    (a)  Whether any documents or portions thereof that EPA did not produce
4        to the People were exempt from disclosure under FOIA and therefore properly
5        withheld;

6    (b)  Whether production of documents to Congress waives any applicable FOIA
7        exemption;

8    (c)  Whether EPA must produce a *Vaughn* index that lists all the documents and
9        portions of documents withheld, and the justifications for their withholding;

10    (d)  The appropriate timing of EPA's production of a *Vaughn* index; and

11    (e)  Whether the People are entitled to costs and attorneys' fees under 5 U.S.C. §
12        552(a)(4)(E).

13      4.  <u>Motions/Narrowing of Issues:</u>  The People filed and submitted a Motion for *Vaughn*
14  Index on March 21, 2008.  It was set for hearing on April 25, 2008, but the Court took it off
15  calendar, and a decision is still pending.  When EPA files an index of the documents withheld,
16  particularly if it only covers a "sample" of the documents withheld, the People anticipate it may
17  be necessary to file a motion for a Court order requiring amplification or supplementation of the
18  index, as the People contend it will not comply with Ninth Circuit law.  The People may also file
19  a motion for a preliminary injunction.

20      In addition, the parties believe this case is likely suitable for disposition on a motion and
21  cross-motion for summary judgment.  The parties will meet and confer prior to the filing of
22  cross-motions for summary judgment in an attempt to reduce the number of documents in the
23  litigation and to narrow the dispositive issues.

24      5.  <u>Amendment of pleadings</u>:  The parties do not expect any amendments to the pleadings.

25      6.  <u>Evidence preservation</u>:  The People do not believe they have any evidence – other than
26  correspondence attached to the Complaint, and subsequent documents provided by EPA –
27  relevant to the issues reasonably evident in this action.  Defendant EPA is taking, and will
28  continue to take, all reasonable steps to preserve any evidence reasonably evident in this lawsuit.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - C08-00735 SC

Defendant is not aware of any document destruction programs that would apply in this case.

7. <u>Disclosures</u>: The People do not believe that initial disclosures should be required given the nature of this case (although many of the documents that would otherwise be subject to disclosure have been attached to the Complaint). EPA does not believe that initial disclosures are required as this is a FOIA case.

8. <u>Discovery</u>: The People do not presently intend to conduct discovery. EPA contends that discovery is not appropriate at this time as this is a FOIA case.

9. <u>Class actions</u>: This is not a class action.

10. <u>Related cases</u>: The People are not aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. <u>Relief</u>: The People seek the following relief:

(a) An itemized index from EPA, for *all* withheld documents and portions of documents, containing all information needed to evaluate each claimed exemption, including but not limited to identification of the segregable portions of the documents withheld, the nature of the information contained in each portion, whether factual information is contained in each portion, and the specific justification for withholding of each such portion ("*Vaughn* index");

(b) An injunction against continued withholding of all records or portions of records improperly withheld, and an order directing their immediate disclosure to the People;

(c) An award of costs and attorneys' fees to the People pursuant to 5 U.S.C. § 552(a)(4)(E); and

(d) Such other and further relief as the Court shall deem just and proper.

EPA seeks only dismissal of this action, and the assessment of costs, as appropriate.

The People contend that EPA has no ability to recover costs under the applicable law.

12. <u>Settlement and ADR</u>: The parties do not believe this case is a good prospect for settlement. The parties filed a Notice of Need for ADR Phone Conference, which has been scheduled for June 3, 2008, at 3:30 p.m. Pacific Daylight Time. The parties do not request assignment to any additional ADR process at this time.

///

1    13. <u>Consent to Magistrate Judge for All Purposes</u>:  EPA does not consent to the
2 assignment of this case to a United States Magistrate Judge.

3    14. <u>Other references</u>:  The parties do not request reference to binding arbitration, a special
4 master, or the Judicial Panel on Multidistrict Litigation.

5    15. <u>Narrowing of the Issues</u>: The parties will meet and confer prior to the filing of cross-
6 motions for summary judgment in an attempt to reduce the number of documents in the litigation
7 and to narrow the dispositive issues.

8    16. <u>Expedited schedule</u>:  The People believe that this is the type of case that can and
9 should be handled on an expedited basis with streamlined procedures.  EPA believes that it is
10 unnecessary to handle this case on an expedited basis as defendant EPA is in the process of
11 compiling its list of each document that EPA has withheld, in full or in part, responsive to
12 plaintiff's FOIA request and its sample <u>Vaughn</u> index.  Additionally, defendant EPA will soon
13 be ready to file its dispositive motion.

14    17. <u>Scheduling</u>:  This is an area of dispute between the parties.  The People believe that,
15 given the time that has elapsed, the Court should order EPA to produce a *Vaughn* index
16 immediately, and not set a schedule for the filing of cross-motions for summary judgment until
17 EPA has done so. It is the People's view that the interests of judicial economy require a single
18 hearing for the parties' cross-motions for summary judgment; and the People's ability to file a
19 motion for summary judgment likely will depend on the timing and adequacy of the *Vaughn*
20 index EPA produces, as the People will need to move for supplementation of EPA's index prior
21 to filing their summary judgment motion.

22    EPA requests that the Court set a schedule for the filing of cross-motions for summary
23 judgment, allowing defendant sufficient time to complete the necessary sample <u>Vaughn</u> index.

24    18. <u>Trial</u>:  The parties do not anticipate that there will be a trial in this case. However, in
25 the event the action is not resolved through dispositive motion(s) for summary judgment, the
26 People estimate that a trial will last no longer than 2 days.  Such a trial would be a bench trial.
27 Depending on the issues, it may be possible to reduce the length of the trial by stipulation, use of
28 summaries or statements or other expedited means of presenting evidence.  Should the Court

determine, after the filing of any dispositive motion(s), that there remain triable issues of fact, the People propose that a further case management conference be held for the purpose of setting a trial schedule.

EPA does not anticipate that there will be a trial in this case, as it is a FOIA case that EPA contends will be decided based upon an administrative record.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Not applicable.

Respectfully submitted,

| EDMUND G. BROWN JR. | JEFFREY S. BUCHOLTZ |
| Attorney General of the State of California | Acting Assistant Attorney General |

_____/s/_____         _____/s/_____

| Laura J. Zuckerman | Isaac R. Campbell |
| Deputy Attorney General | Assistant United States Attorney |
| Dated:  May 30, 2008 | Dated:  May 30, 2008 |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____        _____

SAMUEL CONTI
Senior Judge
United States District Court