EDMUND G. BROWN JR.
Attorney General of the State of California
JAMES HUMES
Chief Deputy Attorney General
JANET GAARD
Chief Assistant Attorney General
KEN ALEX
Senior Assistant Attorney General
SANDRA GOLDBERG
Deputy Attorney General
State Bar No. 138632
LAURA J. ZUCKERMAN
Deputy Attorney General
State Bar No. 161896
 1515 Clay Street, 20th Floor
 Oakland, CA 94612
 Telephone: (510) 622-2174
 Fax: (510) 622-2270
 laura.zuckerman@doj.ca.gov

Attorneys for People of the State of California *ex rel.*
Edmund G. Brown Jr., Attorney General of the State
of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA** *ex rel.* **EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Defendant. | Case No.: C 08-00735 SC<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br><br>Date:  August 1, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1, 17th Floor<br>Judge:  Hon. Samuel Conti |

The parties to the above-entitled action jointly submit this Case Management Statement.

1. <u>Jurisdiction and service</u>:  The parties agree that this Court has personal jurisdiction over

defendant United States Environmental Protection Agency ("EPA").  EPA has been served and

1    has appeared.

2        2.  Facts:

3    The People's Contentions

4        The People contend that in December 2005, the California Air Resources Board ("CARB")

5    requested from EPA a waiver of preemption under section 209(b) of the Clean Air Act, 42

6    U.S.C. § 7543(b), for CARB's regulations to control greenhouse gas emissions from new motor

7    vehicles ("GHG Regulations"), adopted in 2005 to implement the Pavley law (Assembly Bill

8    1493).  The Clean Air Act gives California express authority to set its own emission standards

9    provided it receives a waiver of preemption from EPA.  The GHG Regulations are the most

10   significant regulations currently in existence anywhere in the nation to address global warming,

11   and at least twelve states would have been free to implement the same regulations if California

12   had received the EPA waiver.

13       Despite demonstration of the severe effects of global warming on California's population,

14   economy, and environment, EPA failed to take action on the waiver request for two years.  On

15   December 19, 2007, EPA Administrator Stephen Johnson rejected California's request to

16   implement regulations on emissions of greenhouses gases.  The decision represents the first time

17   EPA has denied a request by California to impose its own pollution rules:  it previously has

18   granted the state approximately 50 waivers.

19       On December 27, 2007, plaintiff People of the State of California (the "People") sent a

20   request to EPA under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"),

21   seeking the disclosure of records related to the waiver denial, "including communications within

22   and outside the federal government related to the waiver request, drafts of the decision document,

23   analyses comparing emission reductions, fuel savings, or fuel economy increases that could result

24   from implementation of the GHG Regulations to those that could result from implementation of

25   federal legislation, and briefing materials related to the waiver request that were prepared for the

26   Administrator or senior staff of EPA, including, but not limited to, the PowerPoint presentation

27   referenced in the December 20, 2007 Washington Post article entitled 'EPA Chief Denies Calif.

28   Limit on Auto Emissions.'"  Complaint filed January 31, 2008 ("Complaint"), ¶ 7 and Ex. B; *see*

1  Answer filed March 3, 2008 ("Answer"), ¶ 7.  The People seek these records to inform the public

2  about the process by which the determination was made, and to aid the State of California in its

3  petition challenging the denial of the waiver request, *State of California v. United States*

4  *Environmental Protection Agency*, No. 08-70011 (9th Cir. Jan. 2, 2008).

5      The People contend that EPA failed to produce any responsive records, or to respond to the

6  FOIA request at all, prior to the filing of the Complaint on January 31, 2008.  Complaint, ¶ 9;

7  Answer, ¶ 9.  The People also contend that, despite having produced over 27,000 pages of

8  documents to Congress, all of which are likely responsive to the People's FOIA request, to date

9  EPA has failed to provide the People with all the non-exempt documents and portions of

10  documents called for by their request.  They also contend that, five months after the filing of the

11  complaint, EPA still has not produced an index to the withheld documents (and portions of

12  documents) that comports with Ninth Circuit precedent, and that EPA should be ordered to do so

13  immediately.

14  EPA's Contentions

15      EPA contends that it has produced documents in full to the plaintiff on April 3, 2008

16  (approximately 2,700 pages), on April 7 (approximately 2,300 pages), and on April 11, 2008

17  (approximately 4,000 pages).  In addition, on May 22, EPA produced an additional 5,378 pages

18  of documents released in full or in part.  EPA further contends that plaintiff's FOIA request at

19  issue here is different from and narrower than the records that were requested by Congress in

20  December 2007 and produced through July 2008.

21      Additionally, for approximately 250 records, the EPA has consulted with other federal

22  agencies and White House entities and officials.  EPA has completed that process for records

23  from other agencies and has released additional records on June 24, 2008 and July 2, 2008.  EPA

24  is still consulting with the White House entities and officials concerning the remaining records.

25      On May 30, 2008, EPA provided the plaintiff with a 349 page list that provided *each*

26  *document* that EPA has withheld, in full or in part, responsive to plaintiff's FOIA request with

27  the exception of approximately 250 records for which the Agency was consulting with other

28  agencies and offices about the processing.  Additionally, although Defendant has made no

agreement to produce a <u>Vaughn</u> index prior to the filing of its dispositive motion, on July 3, 2008, EPA provided plaintiffs with a sample 237 page <u>Vaughn</u> index for 202 documents withheld in full or in part (approximately every 10th document).

Additionally, EPA notified the Plaintiff by letter dated July 2, 2008 that EPA was processing records in another FOIA case whose request was broader than the plaintiff's. EPA advised that it was processing 1800 records and would finish by August 4, 2008. EPA explained that during the processing in that case, it located a small subset of records that are responsive to the request at issue here and offered to produce them upon request.

Defendant EPA contends that the reason for plaintiff's FOIA request is irrelevant.

3. <u>Legal issues</u>:

The Freedom of Information Act requires that government agencies shall, on receipt of a proper request, promptly disclose their records unless those records are subject to withholding pursuant to one of FOIA's exemptions. The People assert the following:

(a)   Pursuant to 5 U.S.C. § 552(a)(3), the People have a right of access to the requested records and portions of records EPA has withheld, as they are not exempt from disclosure under FOIA and thus have been improperly withheld;

(b)   Pursuant to 5 U.S.C. § 552(b), even if it were to be established that any of the requested records contained information exempt from disclosure under 5 U.S.C. § 552(b), the People have a right of access to all reasonably segregable non-exempt portions of such records, and FOIA requires their disclosure;

(c)   Documents EPA produced to Congress, pursuant to subpoena or otherwise, have lost any exemption under FOIA they would otherwise have had;

(d)   Under applicable Ninth Circuit precedent, EPA must produce a *Vaughn* index one that lists *every single document withheld*, not merely a sample    without further delay;

(e)   Even if the records sought were otherwise exempt from required disclosure under 5 U.S.C. § 552(b), there is a strong public interest in their disclosure, and EPA

1    should exercise its discretion to disclose the requested records; and

2    (f)    The People are entitled to costs and attorneys' fees pursuant to 5 U.S.C. §

3           552(a)(4)(E).

4    EPA asserts that, to date, plaintiff has been provided with all of the responsive,

5 unredacted, non-exempt documents (or portions thereof) to which it is entitled under FOIA

6 notwithstanding the approximately 150 documents that require additional consultation with White

7 House entities and officials, which is currently underway, to determine the applicability of any

8 FOIA exemptions; EPA anticipates that such consultation will be completed in the near future and

9 any responsive documents will be provided to plaintiff on or around August 15, 2008 and that the

10 documents (or portions thereof) that were not provided to plaintiff were properly withheld

11 pursuant to the exemptions set forth in FOIA, including but not limited to Exemption 5 (the inter-

12 agency and intra-agency documents exemption, the attorney-client and/or attorney work product

13 exemption) and Exemption 6 (the privacy exemption).  Defendant EPA asserts that there is no

14 waiver of such exemptions in the instant matter.  Finally, defendant asserts that a sample <u>Vaughn</u>

15 index is proper and appropriate under Ninth Circuit law.

16    The following legal issues are disputed:

17    (a)    Whether EPA must produce a *Vaughn* index that lists all the documents

18           and portions of documents withheld, and the justifications for their

19           withholding;

20    (b)    Whether any documents or portions thereof that EPA did not produce to the

21           People were exempt from disclosure under FOIA and therefore properly

22           withheld;

23    (c)    Whether production of documents to Congress waives any applicable FOIA

24           exemption;

25    (d)    The appropriate timing of EPA's production of a *Vaughn* index; and

26    (e)    Whether the People are entitled to costs and attorneys' fees under 5 U.S.C.

27           § 552(a)(4)(E).

28

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER   C08 00735 SC

4.    <u>Motions/Narrowing of Issues:</u>  The People filed and submitted a Motion for

*Vaughn* Index on March 21, 2008.  It was set for hearing on April 25, 2008, but the Court took it

off calendar, and a decision is still pending.  The People contend that it is not moot, because the

"sample" Vaughn index EPA has produced does not comply with Ninth Circuit precedent, and a

ruling on the still-pending motion for a *Vaughn* index could obviate the need for the People to file

a motion seeking amplification or supplementation of the index.  EPA contends that the sample

<u>Vaughn</u> index is proper and appropriate under Ninth Circuit law, and thus the People's Motion for

a <u>Vaughn</u> Index is moot.

In addition, the parties believe this case is suitable for disposition on a motion and cross-

motion for summary judgment.  The parties will meet and confer prior to the filing of cross-

motions for summary judgment in an attempt to reduce the number of documents in the litigation

and to narrow the dispositive issues.  The People do not believe it would be appropriate for the

Court hear any summary judgment motion EPA plans to file until the People have had the

opportunity to review a *Vaughn* index that complies with Ninth Circuit precedent, and to file their

own cross-motion for summary judgment.  EPA believes that summary judgment is appropriate at

this time and that the Court should set a briefing schedule without delay.

5.    <u>Amendment of pleadings:</u>  The parties do not expect any amendments to the

pleadings.

6.    <u>Evidence preservation:</u>  The People do not believe they have any evidence    other

than correspondence attached to the Complaint, and subsequent documents provided by EPA

relevant to the issues reasonably evident in this action.

Defendant EPA is taking, and will continue to take, all reasonable steps to preserve any

evidence reasonably evident in this lawsuit.  Defendant is not aware of any document destruction

programs that would apply in this case.

7.    <u>Disclosures:</u> The People do not believe that initial disclosures should be required

given the nature of this case (although many of the documents that would otherwise be subject to

disclosure have been attached to the Complaint).  EPA does not believe that initial disclosures are

1    required as this is a FOIA case.

2        8.    Discovery:  The People do not presently intend to conduct discovery.  EPA contends

3    that discovery is not appropriate at this time as this is a FOIA case.

4        9.    Class actions:  This is not a class action.

5        10.    Related cases:  The People are not aware of any related cases or proceedings

6    pending before another judge of this Court, or before another court or administrative body.  EPA

7    states that the withheld documents at issue in this case are also a subset of the records at issue in

8    the FOIA case captioned,  *Natural Resources Defense Counsel v. EPA*, No. 08-cv-1082 (LAK)

9    (S.D.N.Y.).

10        11.    Relief:  The People seek the following relief:

11            (a)    An itemized index from EPA, for *all* withheld documents and portions of

12    documents, containing all information needed to evaluate each claimed exemption, including but

13    not limited to identification of the segregable portions of the documents withheld, the nature of

14    the information contained in each portion, whether factual information is contained in each

15    portion, and the specific justification for withholding of each such portion ("*Vaughn* index");

16            (b)    An injunction against continued withholding of all records or portions of

17    records improperly withheld, and an order directing their immediate disclosure to the People;

18            (c)    An award of costs and attorneys' fees to the People pursuant to 5 U.S.C. §

19    552(a)(4)(E); and

20            (d)    Such other and further relief as the Court shall deem just and proper.

21        EPA seeks only dismissal of this action, and the assessment of costs, as appropriate.

22        The People contend that EPA has no ability to recover costs under the applicable law.

23        12.    Settlement and ADR:  The parties do not believe this case is a good prospect for

24    settlement.  The parties had an ADR Phone Conference on June 4, 2008.  The parties do not

25    request assignment to any additional ADR process at this time.

26        13.    Consent to Magistrate Judge for All Purposes:  EPA does not consent to the

27    assignment of this case to a United States Magistrate Judge.

28

14.    <u>Other references</u>:  The parties do not request reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of the Issues</u>:  The parties will meet and confer prior to the filing of cross-motions for summary judgment in an attempt to agree on a briefing schedule, reduce the number of documents in the litigation, and narrow the dispositive issues.

16.    <u>Expedited schedule</u>:  The People believe that this is the type of case that can and should be handled on an expedited basis with streamlined procedures.  The People request that the Court rule on the pending Motion for a *Vaughn* Index, filed March 21, 2008, as soon as possible so that they may obtain the index necessary to enable them to evaluate EPA's justifications for *each* of the claimed exemptions.  EPA believes that it is unnecessary to handle this case on an expedited basis as defendant EPA has provided the plaintiff with a list of each document that EPA has withheld, in full or in part, responsive to plaintiff's FOIA request and has also provided a sample <u>Vaughn</u> index.  Additionally, as soon as the consultation with the White House entities and officials, which is currently underway, to determine the applicability of any FOIA exemptions is completed, defendant EPA will be ready to file its dispositive motion.

17.    <u>Scheduling</u>:  This is an area of dispute between the parties.  The People believe that, given the time that has elapsed, the Court should order EPA to produce an adequate *Vaughn* index immediately, and not set a schedule for the filing of cross-motions for summary judgment until EPA has done so. It is the People's view that the interests of judicial economy require a single hearing for the parties' cross-motions for summary judgment; and the People's ability to file a motion for summary judgment will depend on the timing of their receipt of a legally-compliant *Vaughn* index    as without it they will need to move for supplementation of EPA's index prior to filing their summary judgment motion.

EPA requests that the Court set a schedule for the filing of cross-motions for summary judgment, allowing defendant sufficient time to supplement the sample <u>Vaughn</u> index, if needed, after the conclusion of the consultation with White House entities and officials, which is currently underway, to determine the applicability of any FOIA exemptions.

18.    <u>Trial</u>:  The parties do not anticipate that there will be a trial in this case. However, in the event the action is not resolved through dispositive motion(s) for summary judgment, the People estimate that a trial will last no longer than 2 days.  Such a trial would be a bench trial. Depending on the issues, it may be possible to reduce the length of the trial by stipulation, use of summaries or statements or other expedited means of presenting evidence.  Should the Court determine, after the filing of any dispositive motion(s), that there remain triable issues of fact, the People propose that a further case management conference be held for the purpose of setting a trial schedule.

EPA does not anticipate that there will be a trial in this case, as it is a FOIA case that EPA contends will be decided based upon an administrative record.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>:  Not applicable.

Respectfully submitted,

EDMUND G. BROWN JR.                              GREGORY G. KATSAS

Attorney General of the State of California        Assistant Attorney General


_____/s/_____        _____/s/_____

Laura J. Zuckerman                                    Isaac R. Campbell
Deputy Attorney General                              U.S. D.O.J. Trial Attorney
Dated:  July 25, 2008                                  Dated:  July 25, 2008

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:


Dated: _____         _____

                                                          SAMUEL CONTI
                                                          Senior Judge
                                                          United States District Court


JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - C08-00735 SC

9