UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. EDMUND G. BROWN, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | No. C-08-0735 SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF *VAUGHN* INDEX |

## I. INTRODUCTION

Before the Court is a motion by the People of the State of California by and through Edmund G. Brown, Attorney General of the State of California ("Plaintiff" or "California"), to compel Defendant Environmental Protection Agency ("EPA") to produce a "*Vaughn* index."[1]  See Docket No. 5.  The EPA filed an Opposition, and Plaintiff filed a Reply.  Docket Nos. 9, 12.  For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## II. BACKGROUND

In December 2005, California sought to adopt strict emissions standards for new motor vehicles.  To that end, the California Air

---

[1] See *Vaughn v. Rosen*, 484 F.2d 820, 826-828 (D.C. Cir. 1973).

1 Resources Board requested from the EPA a waiver of preemption
2 under section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b).
3 The EPA took no action for two years, and then, in December 2007,
4 rejected California's request for a waiver.
5      Following the EPA's denial of waiver, Plaintiff sent the EPA
6 a request for records under the Freedom of Information Act, 5
7 U.S.C. § 552, as amended ("FOIA").  Plaintiff sought disclosure of
8 records relating to the waiver denial, including the following
9 materials:

> communications within and outside the federal
> government related to the waiver request,
> drafts of the decision document, analyses
> comparing emission reductions, fuel savings,
> or fuel economy increases that could result
> from implementation of the GHG Regulations to
> those that could result from implementation of
> federal legislation, and briefing materials
> related to the waiver request that were
> prepared for the Administrator or senior staff
> of the EPA, including, but not limited to, the
> PowerPoint presentation referenced in the
> December 20, 2007 Washington Post article
> entitled "EPA Chief Denies Calif. Limit on
> Auto Emissions."

18 Compl., Docket No. 1, ¶ 7 and Ex. B.
19      Receiving no response to the FOIA request, Plaintiff brought
20 this suit against the EPA on January 31, 2008.  Plaintiff then
21 filed this motion to compel the production of a Vaughn index,
22 asking the Court to require the EPA to produce the index within 14
23 days of the Court's ruling.  The EPA initially took the position
24 that it should not have to produce the Vaughn index until it filed
25 a dispositive motion.  After the Court took the motion under
26 submission, however, the EPA began producing documents in response
27 to Plaintiff's FOIA request.  The EPA has provided Plaintiff with

2

a "sample" Vaughn index, which it claims includes descriptions of approximately one tenth of the documents withheld.

Based on its production of the sample Vaughn index, the EPA now claims this motion is moot and the Court should set a briefing schedule for summary judgment. Plaintiff contends that the sample index is inadequate under Ninth Circuit law, and that the Court should order the EPA to produce a complete Vaughn index and allow Plaintiff time to review that index before setting a briefing schedule.

### III. DISCUSSION

Government agencies are required, upon receipt of a proper FOIA request, to make their records available to the public. See 5 U.S.C. § 552(a). Documents, or portions of documents, may be withheld by an agency only if they fall under one of several exceptions contained in FOIA. Id. § 552(b)(1)-(9). Once the agency receives a FOIA request, it must make a determination whether or not to comply with the request within 20 days, and must immediately notify the requesting party of that determination. Id. § 552(a)(6)(A)(i). When a FOIA dispute proceeds to litigation and the agency claims that the statutory exemptions to disclosure are applicable, it must provide the requesting party and the court with descriptions of the withheld records and an explanation of why those records are exempt. See Vaughn v. Rosen, 484 F.2d 820, 826-828 (D.C. Cir. 1973). This has come to be known as a "Vaughn

index."[2]

The question now before the Court is the level of detail required in the Vaughn index. The EPA claims that its sample list, containing descriptions of roughly 10 percent of the withheld documents and the claimed exemptions, is adequate. Plaintiff disagrees, and demands a complete index. The Court agrees with Plaintiff.

A sampling of the EPA's withheld records would be of limited value to Plaintiff and to the Court.

> [T]he purpose of the index is not to merely inform the requester of the agency's conclusion that a particular document is exempt from disclosure under one or more of the statutory exemptions, but to afford the requester an opportunity to intelligently advocate the release of the withheld documents and to afford the court an opportunity to intelligently judge the contest.

Wiener v. Fed. Bureau of Investigation, 943 F.2d 972, 979 (9th Cir. 1991); see also Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1043 (9th Cir. 1999).

That a Vaughn index should include explanations for every withheld document is clear based on Ninth Circuit precedent, including those cases cited by the EPA. See Schiffer v. Fed. Bureau of Investigation, 78 F.3d 1405, 1408 (9th Cir. 1996) (a

---

[2] The EPA correctly notes that FOIA does not require a Vaughn index. However, "[w]hen an agency denies a request, the agency bears the burden of justifying its denial . . . ." Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1042 (9th Cir. 1999). A Vaughn index is the common means of satisfying this burden, and is likely the best method where more than a few records are involved. As the EPA has agreed to produce a Vaughn index in one form or another, and has not suggested a more appropriate means of meeting this burden, the Court need not consider alternatives.

1    Vaughn index "identifies each document withheld, the statutory
2    exemption claimed, and an explanation of how disclosure would
3    damage the interest protected" (emphasis added)); Wiener, 943 F.3d
4    at 978-79 (rejecting Vaughn index where the FBI grouped documents
5    into categories "without identifying specific the specific reason
6    or reasons for withholding each particular document" (emphasis
7    added)); Fiduccia, 185 F.3d at 1043 (Vaughn index is a means of
8    meeting the agency's statutory requirement to provide "enough
9    information, presented with sufficient detail, clarity, and
10   verification, so that the requester can fairly determine what has
11   not been produced and why, and the court can decide whether the
12   exemptions claimed justify the nondisclosure").

13       Although precedent in this Circuit is clear, the EPA points
14   to cases from the D.C. Circuit to support its use of a sample
15   index.  While that circuit did not explicitly define what should
16   be included in the index in Vaughn, it has since done so, leaving
17   little room for the EPA's position here:

> A withholding agency must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information. This requirement, if indeed not explicit in Vaughn, is unmistakably implicit in the principles supporting our decision in that case, as our subsequent decisions have made very clear. When, in Vaughn, we first insisted that agencies tender an index and affidavits as a precondition to review of exemptions claims, we emphasized the necessity of identifying which exemption was relied upon for each item withheld. In Mead Data Central v. United States Department of the Air Force [566 F.2d 242 (D.C. Cir. 1977)], we elaborated on Vaughn's requirements, explaining that the withholding agency must supply "a relatively detailed justification, specifically

5

> identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." As we subsequently reiterated in <u>Dellums v. Powell</u> [642 F.2d 1351, 1355 (D.C. Cir. 1980)], <u>Vaughn</u>'s call for specificity imposes on the agency the burden of demonstrating applicability of the exemptions invoked <u>as to each document or segment withheld</u>. Elsewhere we have defined the <u>Vaughn</u> index as "consist[ing] of one document that adequately describes each withheld record or deletion and sets forth the exemption claimed and why that exemption is relevant." Categorical description of redacted material coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate.

<u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis in original) (footnotes omitted).

The specific authorities on which the EPA relies to support its use of a sample index are not applicable. In <u>Meeropol v. Meese</u>, 790 F.2d 942, 958 (D.C. Cir. 1986), the sampling was done by the court, for <u>in camera</u> review, rather than by the agency for a <u>Vaughn</u> index. The <u>Meeropol</u> court relied on <u>Weisberg v. United States Department of Justice</u>, 745 F.2d 1476 (D.C. Cir. 1976), but in <u>Weisberg</u>, the court only held that sampling for a <u>Vaughn</u> index was appropriate where "the number of documents is excessive and it would not realistically be possible to review each and every one." <u>Id.</u> at 1490. The EPA has not argued, let alone established, that the volume of records in the instant matter warrants a departure from the more detailed index required by the majority of cases.

The only remaining issue is when the EPA should be required to produce the <u>Vaughn</u> index. The EPA argues that it is inappropriate to require the index prior to filing of a

6

1  dispositive motion. Plaintiff would prefer to receive and review
2  the index prior to beginning summary judgment briefing. It
3  appears that there is no actual rule in this regard, as
4  demonstrated in part by the parties' conflicting authority.
5  Compare Stimac v. U.S. Dep't of Justice, 620 F. Supp. 212, 213
6  (D.D.C. 1985) ("the preparation of a Vaughn Index would be
7  premature before the filing of dispositive motions") with
8  Providence Journal Co. v. U.S. Dep't of the Army, 769 F. Supp. 67,
9  68-69 (D.R.I. 1991) (rejecting Stimac and noting, "I find
10 defendant's argument that this Court should wait until it files a
11 dispositive motion insufficient and sterile").

12     The same parties raised the same issue recently in another
13 dispute in this district. See California *ex rel.* Brown v. Envtl.
14 Prot. Agency, No. 07-2055, 2007 U.S. Dist. LEXIS 66036, at *5-6
15 (N.D. Cal. Aug. 27, 2007). The Court agrees with Judge White's
16 conclusion in that matter. Given the amount of time that has
17 passed between the original FOIA request and the instant motion,
18 as well as the purpose of the index, it is more appropriate for
19 the EPA to produce the Vaughn index now and allow Plaintiff to
20 review it prior to summary judgment. See id.

## IV. CONCLUSION

23     For the reasons described above, the Court GRANTS Plaintiff's
24 Motion to Compel the Production of a Vaughn Index. The Court
25 therefore ORDERS as follows:
26     1.  The EPA shall produce to Plaintiff no later than 20 days
27         from the date of this order a Vaughn index addressing

7

every document or portion of a document withheld in response to Plaintiff's FOIA request.

2. The parties shall appear before the Court for a Status Conference on Friday, November 14, 2008, at 10:00 am in Courtroom 1.

IT IS SO ORDERED.

Dated: August 1, 2008

                                                                  UNITED STATES DISTRICT JUDGE