GREGORY G. KATSAS
Assistant Attorney General
ELIZABETH J. SHAPIRO
ISAAC R. CAMPBELL
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6130
Washington, D.C. 20530
Tel: (202) 616-8476
Fax: (202) 616-8460
isaac.campbell@usdoj.gov

Attorneys for Defendant Environmental Protection Agency

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　Defendant. | CV 08-00735 SC<br><br>**STIPULATED REQUEST FOR ORDER CHANGING TIME TO PRODUCE VAUGHN INDEX** |

　　　　Pursuant to Civil L.R. 6-2, defendant U.S. Environmental Protection Agency ("EPA" or "Agency"), through undersigned counsel, hereby moves for an extension of 15 days, from August 21, 2008, to September 5, 2008, to file Defendant's Vaughn Index. Defendant's request is made for good cause as set forth below:

　　　　Defendant EPA represents as follows:

1.　　The Information Law Practice Group ("ILPG") of the EPA is responsible for managing the Agency's Freedom of Information Act ("FOIA") litigation and for providing legal counseling to Agency clients on a wide variety of information law issues. The ILPG is comprised of an Agency

1  Assistant General Counsel, seven staff attorneys, and two para-professionals (a paralegal and a FOIA
2  specialist).
3  2.      To date, defendant EPA has provided to plaintiff, in response to its FOIA request, over 14,000
4  pages of documents on a rolling basis and in six separate productions.
5  3.      Additionally, on May 30, 2008, EPA provided Plaintiff a 349-page list of 2,198 documents.
6  The list contained, when available, the document's date and time of creation, author and recipient(s),
7  subject line, and number of attachments, with the exception of approximately 250 records for which
8  the Agency was consulting with other federal agencies and White House officials about the
9  processing of such records.
10 4.      On July 3, 2008, the Agency provided Plaintiff with a sample Vaughn index consisting of 237
11 pages, which described the basis for withholding the sample of 202 documents.  The sample Vaughn
12 index described the detailed basis for withholding approximately every tenth document.
13 5.      In preparing the sample Vaughn index, the lead EPA staff attorney on this case estimated that
14 she spent approximately 120 hours researching, writing, and quality- checking the entries.  Four other
15 EPA staff attorneys were also assigned to assist with the drafting of the sample Vaughn index.  In
16 total, these four staff attorneys estimated that they spent approximately 100 hours on the creation of
17 the sample Vaughn index.
18 6.      In order to prepare a complete Vaughn index, the Agency estimates that it will need to create
19 full Vaughn index entries for roughly 1,500 of 2,198 documents and that so doing will likely result in
20 a Vaughn index of approximately 1,600 to 2,000 pages.
21 7.      Currently, ILPG attorneys are working on eight other pending Agency FOIA cases in
22 litigation: Miccosukee Tribe of Indians of Florida v. U.S. EPA, No. 05-21023 (S.D. Fla.); Griffin
23 Industries, Inc. v. U.S. EPA, No. 05-74 (E.D. Ky.); Natural Resources Defense Council v. FEMA,
24 U.S.EPA, et al., No. 06-6213 (S.D.N.Y.); Natural Resources Defense Council v. U.S. EPA, No. 08-
25 1082 (S.D.N.Y); ASARCO, Inc. v. U.S. EPA, No. 08-01332 (D.D.C.); Natural Resources Defense
26 Council v. U.S. EPA, No. 08-2443 (S.D.N.Y); Natural Resources Defense Council v. U.S. EPA,  No.
27 08-6234 (S.D.N.Y.); Our Children's Earth Foundation v. U.S. EPA, No. 08-1461 (N.D. Cal.).  Many
28

of these ongoing cases involve time-consuming, labor-intensive collection, review, redacting, indexing, and production of voluminous documents.

8.  Additionally, in the next two weeks, two of the seven ILPG staff attorneys will be on previously-scheduled and approved annual leave. The remaining five staff attorneys will not only need to dedicate a majority of their workday to creating the Vaughn index, but will also have to handle the workload of the two staff attorneys who are on vacation. To date, seven attorneys and one paralegal are assisting with the development of the Vaughn index.

9.  Accordingly, the requested 15-day time extension is necessary to permit the Agency to comply with the Court's order to produce a complete Vaughn index.

10. Defendant is not aware of any harm that will result from the requested extension as the Vaughn index as the delay is as brief as possible and will not affect the currently scheduled Case Management Conference.

11. This motion is supported by the Declaration of Robert A. Freidrich, filed herewith.

### IV. CONCLUSION

For all the reasons set forth above and in the declaration of Robert A. Friedrich, defendant respectfully requests that its motion for an order changing, to Friday September 5, 2008, the time by which defendant's Vaughn index is due. No other dates in the current schedule need be changed or modified as a result of this order. Pursuant to the above representations by EPA, Plaintiff has stipulated to the request.

Dated: August 19, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General


    /s/                                              /s/
ELIZABETH J. SHAPIRO                         SANDRA GOLDBERG
ISAAC R. CAMPBELL                            Deputy Attorney General

| | |
|---|---|
| United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, NW, Rm. 6130<br>Washington, DC 20530<br>Tel: (202) 616-8476<br>Fax: (202) 616-8460<br><br>Attorneys for Defendant | LAURA ZUCKERMAN<br>Deputy Attorney General<br>California Department of Justice<br>Environment Section<br>Office of the Attorney General<br>1515 Clay Street, 20th floor<br>Tel: (510) 622-2174<br><br>Attorneys for Plaintiff |

**ORDER**

    PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August _____ , 2008

                                                                                      Honorable Samuel Conti

GREGORY G. KATSAS
Assistant Attorney General
ELIZABETH J. SHAPIRO
ISAAC R. CAMPBELL
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6130
Washington, D.C. 20530
Tel: (202) 616-8476
Fax: (202) 616-8460
isaac.campbell@usdoj.gov

Attorneys for Defendant Environmental Protection Agency

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | CV 08-020735 SC<br><br>**DECLARATION OF ROBERT A. FRIEDRICH IN SUPPORT OF DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO ENLARGE TIME TO PRODUCE <u>VAUGHN</u> INDEX** |

DECLARATION OF ROBERT A. FRIEDRICH

1. I am the Acting Associate General Counsel for the General Law Office, Office of General Counsel, of the U.S. Environmental Protection Agency ("EPA" or "Agency"). The Information Law Practice Group ("ILPG") is one of three practice groups I supervise. The ILPG is responsible for managing Freedom of Information Act ("FOIA") litigation and for providing legal counseling to Agency clients on a wide variety of information law issues.

2. I make the following statements based upon my personal knowledge or information that I obtained in the course of performing my official duties.

DECLARATION OF ROBERT A. FRIEDRICH - 08-00735 SC

-1-

AGENCY RESOURCES

3. The ILPG consists of an Assistant General Counsel, seven staff attorneys, and two para-professionals (a paralegal and a FOIA specialist).

4. Currently, ILPG attorneys are working on eight other pending FOIA cases in litigation: Miccosukee Tribe of Indians of Florida v. U.S. EPA, No. 05-21023 (S.D. Fla.); Griffin Industries, Inc. v. U.S. EPA, No. 05-74 (E.D. Ky.); Natural Resources Defense Council v. FEMA, U.S.EPA, et al., No. 06-6213 (S.D.N.Y.); Natural Resources Defense Council v. U.S. EPA, No. 08-1082 (S.D.N.Y); ASARCO, Inc. v. U.S. EPA, No. 08-01332 (D.D.C.); Natural Resources Defense Council v. U.S. EPA, No. 08-2443 (S.D.N.Y); Natural Resources Defense Council v. U.S. EPA, No. 08-6234 (S.D.N.Y.); Our Children's Earth Foundation v. U.S. EPA, No. 08-1461 (N.D. Cal.). Many of these ongoing cases involve time-consuming, labor-intensive collection, review, redacting, indexing, and production of voluminous documents or extensive research on motions and briefs.

5. ILPG attorneys are also responsible for processing the backlog of approximately 160 FOIA administrative appeals; processing the backlog of claims that information is entitled to treatment as Confidential Business Information; reviewing draft documents, such as proposed agreements involving the Agency; reviewing proposed EPA records schedules; reviewing proposed EPA internal policies, manuals, directives, and orders; and providing legal counseling for the entire Agency on the FOIA, the Privacy Act, electronic discovery, the Federal Records Act, EPA's Confidential Business Information regulations, and EPA's regulations governing testimony by employees and production of documents in legal proceedings where the United States is not a party (so-called *Touhy* regulations). Additionally, ILPG attorneys conduct Agency-wide training on all aspects of information law and serve on Agency workgroups that address information law issues.

THE AGENCY'S RESPONSE TO CONGRESSIONAL REQUESTS FOR DOCUMENTS CONCERNING CALIFORNIA'S WAIVER REQUEST

6. On December 20, 2007, EPA received letters from Senator Barbara Boxer and Congressman Henry Waxman requesting numerous documents concerning California's December 21, 2005 request to EPA for a waiver of federal preemption to allow California to regulate greenhouse gas ("GHG") emissions from light-duty vehicles ("California's waiver request"). On December 21, 2007, the

1  Agency began its search for documents responsive to the congressional request. Plaintiff's December
2  27, 2007 FOIA request is for a subset of these documents.
3  7.   On or about February 22, 2008, the Agency substantially completed its document production
4  to Congress, although the Agency continued to review and release additional documents to Congress
5  through July 2008. The Agency estimates that it spent more than 2,000 hours in staff time
6  responding to the Congress through February 2008.

THE AGENCY'S RESPONSE TO PLAINTIFF'S FOIA REQUEST

8  8.   Plaintiff filed this suit on February 1, 2008. At that time, the Agency was still producing
9  records in response to the two voluminous document requests from Senator Boxer and Congressman
10 Waxman.
11 9.   Although there was no scheduling order, EPA released documents to Plaintiff on a rolling
12 basis in six separate productions. EPA produced documents in full to Plaintiff on April 3, 2008
13 (approximately 2,700 pages), on April 7, 2008 (approximately 2,300 pages), and on April 11, 2008
14 (approximately 4,000 pages). In addition, on May 22, 2008, EPA produced an additional 5,378 pages
15 of documents released in full or in part. Additionally, for approximately 250 records, EPA consulted
16 with other federal agencies and White House officials about the processing of such records for the
17 various FOIA requests. EPA completed that consultation process for records from other agencies and
18 released additional records on June 24, 2008 and July 2, 2008. In addition, there are a few
19 unnumbered documents that affect the interests of the White House. EPA is still consulting with
20 White House officials concerning the remaining records that affect the interests of the White House.
21 10.  On May 30, 2008, EPA provided Plaintiff a 349-page list of 2,198 documents. The list
22 contained, when available, the document's date and time of creation, author and recipient(s), subject
23 line, and number of attachments, with the exception of approximately 250 records for which the
24 Agency was consulting with other federal agencies and White House officials about the processing of
25 such records.
26 11.  On July 3, 2008, the Agency provided Plaintiff with a sample <u>Vaughn</u> index consisting of 237
27 pages, which described the basis for withholding a sample of 202 documents. The sample <u>Vaughn</u>
28 index described the detailed basis for withholding approximately every tenth document. The Agency

did not include a description of the withheld White House documents. Instead, the Agency committed to produce an index for each White House document that fell within the sample after the conclusion of the consultation with White House officials, which is currently underway.

## PENDING SOUTHERN DISTRICT OF NEW YORK FOIA CASE CONCERNING SAME DOCUMENTS AT ISSUE HERE AND THE SAMPLE VAUGHN INDEX

12. On February 1, 2008, the Natural Resources Defense Council ("NRDC") filed a FOIA suit against the Agency in the Southern District of New York. NRDC's FOIA request, while broader than Plaintiff's, includes the same documents at issue in this case, plus an additional 1,808 documents initially withheld in part or in full, pending final Agency review.

13. After producing the sample Vaughn index, the Agency reviewed the bulk of the 1,808 documents in July 2008. On August 4, 2008, the Agency completed its review of those documents and released to NRDC 3,663 pages of documents in full or in part.

14. By an agreement filed with the court, NRDC agreed that the Agency could attempt to meet its burden of proof on the government's motion for summary judgment with a sample Vaughn index consisting of every tenth document for both sets of documents. The 237-page sample Vaughn index was provided to both parties on July 3, 2008.

15. In preparing the sample Vaughn index, the lead EPA staff attorney on this case estimated that she spent approximately 120 hours drafting and quality-checking the entries. Four other EPA staff attorneys were also assigned to assist with the drafting of the sample Vaughn index. In total, these four staff attorneys estimated that they spent approximately 100 hours on the creation of the sample Vaughn index.

## THE FULL VAUGHN INDEX

16. As explained above, the Agency numbered 2,198 documents that were initially withheld and provided this list to Plaintiff several months ago. Subsequently, on May 22, the Agency released many of the documents in full or in part, or determined that a few of the documents were nonresponsive. The Agency estimates that it will need to create full Vaughn index entries for approximately 1,500 of the 2,198 documents and that doing so will likely result in a Vaughn index of approximately 1,600 to 2,000 pages. The remaining documents will not require full Vaughn index

1  entries because the documents were either released in full, are part of an email chain that will have a
2  <u>Vaughn</u> index entry provided, are not responsive in their entirety, or were one of the 202 documents
3  included in the sample <u>Vaughn</u> index.

4  17.  In addition, the Agency is still in the process of coordinating the review of documents that
5  affect the interests of the White House, and any <u>Vaughn</u> index entries for such documents will need
6  to be coordinated with White House officials.

7  18.  Additionally, while processing and redacting a small subset of the second set of records (a set
8  of 200 documents of the 1,808 documents) for the NRDC FOIA litigation, the Agency discovered
9  that several documents within that set are also responsive to Plaintiff's FOIA request. Counsel for
10 the Agency contacted Plaintiff by letter on or about July 2, 2008 to inform Plaintiff about the
11 additional documents. The Agency will need to review the entire set for any documents responsive to
12 Plaintiff's request and draft corresponding <u>Vaughn</u> index entries for any exempt material.

13 19.  Since the issuance of this Court's order, two of the seven ILPG staff attorneys have been or
14 are on previously-scheduled and approved annual leave. The remaining five staff attorneys will not
15 only need to dedicate a majority of their workday to creating the <u>Vaughn</u> index, but will also have to
16 handle the workload of the two staff attorneys who are on vacation. In addition, I have requested
17 assistance from other attorneys and paralegals within OGC. To date, nine attorneys and one paralegal
18 are assisting with the development of the <u>Vaughn</u> index.

19 20.  The 15-day extension of time requested by the government is necessary to permit the Agency
20 to comply with this Court's order. The requested extension will be used to complete the Vaughn
21 index for all documents withheld in full or in part from the 2,198 documents; coordinate the content
22 of the Vaughn index entries for the documents that affect the interests of the White House; review the
23 1,808 documents for responsiveness; and draft <u>Vaughn</u> index entries for whatever number of the
24 1,808 documents are responsive to Plaintiff's FOIA request.

1  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct
2  to the best of my information, knowledge, and belief.

3
4  _8/19/08_____          _[signature]_____
5  Date                              Robert A. Friedrich